Anderson *vs.* Howard & Sims.

---

WILLIAM T. ANDERSON, plaintiff in error, *vs.* HOWARD & SIMS, defendants in error.

1. Where H. bought a stock of goods from A., executing a mortgage on the same to secure the purchase money, and subsequently formed a copartnership with S., the latter agreeing to furnish goods equal in value to those put in by H., and goods were purchased by the firm and added to the stock on hand to supply the place of sales made:

*Held*, That the purchases made by the firm of S. & H. to supply the deficiency made by sales from the stock originally bought from Anderson, are not subject to the execution issuing upon the foreclosure of the aforesaid mortgage.

2. Where a mortgage is executed upon a stock of goods, some of which are subsequently sold and others purchased to supply their place, the mortgage lien attaches to the purchases made, to the extent of the value of the stock originally mortgaged.

Chattel mortgage. Partnership. Before Judge ANDREWS. Wilkes Superior Court. November Term, 1872.

For the facts of this case, see the decision.

W. M. & M. P. REESE, for plaintiff in error.

S. H. HARDEMAN, for the defendants.

WARNER, Chief Justice.

This was a claim submitted to the Court below, to determine the law and the facts without the intervention of a jury. The Court decided in favor of the claimant, whereupon the plaintiff excepted. It appears from the evidence in the record that Howard, on the 19th day of January, 1872, purchased a stock of goods of Anderson, and executed a mortgage to him on the goods, to secure the payment therefor. In the month of February, 1872, Sims & Howard formed a copartnership, the terms of which were, that Sims was to furnish goods equal in value to those put in by Howard, and to share equally in the profits. Subsequently, goods were purchased by the firm and added to the stock purchased by Howard from Anderson, as needed, according to the agreement of the parties, which goods were purchased in the name of Howard & Sims, and shipped to them, and paid for by them, except the amount of $420 00, which remains unpaid. On the 18th of May, 1872, Anderson foreclosed his mortgage on the goods sold to Howard, and an execution was levied by the sheriff on all the goods found in the store-house on the 25th of May, 1872. On the 1st of June, 1872, Howard & Sims interposed their claim for certain specified articles of the goods levied on as the property of Howard, alleging that said specified goods were not the property of Howard, but were the property of the copartnership. The goods claimed are goods which were purchased by the copartnership firm, but the goods in the store were sold by

Anderson *vs.* Howard & Sims.

the partners indiscriminately as well from the stock purchased by Howard from Anderson, as from the additional stock purchased by the copartnership firm; and the question is, whether the additional stock of goods purchased by the copartnership are liable to be sold to an amount equal to that of the goods sold by Howard, covered by Anderson's mortgage? In other words, can the goods purchased by the copartnership (a part of which are not paid for) be taken and sold as the individual property of Howard, to supply the deficiency in the goods sold, which were covered by his individual mortgage to Anderson? The 1944th section of the Code declares, that a mortgage may cover a stock of goods, or other things in bulk, but changing in specifics, in which case the lien is lost on all articles disposed of by the mortgage up to the time of foreclosure, and attaches on the purchases made to supply their place. Now, it is undoubtedly true that if Howard, the mortgagor, had disposed of a part of the goods covered by his mortgage to Anderson, and had purchased and paid for other goods to supply the place of those disposed of, that the mortgage lien would attach to the goods so purchased to the extent only of the value of the original stock mortgaged: *Chisholm vs. Chittenden & Company,* 45 *Georgia Reports,* 213. But in the case now before the Court, the additional stock of goods levied on was not purchased by Howard, the mortgagor, but was purchased by Howard & Sims, a different and distinct party in contemplation of the law, who have never executed a mortgage upon any goods, so far as the record shows, and we cannot suppose that it was intended by this section of the Code, to create a lien upon goods purchased by third persons who were no parties to the mortgage. The goods covered by the mortgage were the individual property of Howard, the mortgagor; the goods claimed are the property of Howard & Sims, a different and distinct party in contemplation of the law. The Court passed its judgment upon the facts as well as the law, including the question of fraud, and it is to be considered in the light of a verdict of the jury.

Let the judgment of the Court below be affirmed.