[Steiner *et al.* v. Scholze *et al.*]

# Steiner *et al.* v. Scholze *et al.*

*Bill in Equity by Sureties to enforce Set-off held by their Principal.*

1. *Assignment of non-negotiable obligations; right of assignee and original debtor; defenses protected prior to notice.*—Both under the general law and our statute (Code of 1886, § 1765), a debtor, whose obligation is not governed by the law merchant, is, as against the assignee of his obligation, protected in all payments, sets-off, discounts or other defenses held, owned or acquired by him against the assignor (the original creditor) prior to notice of the transfer or assignment.

2. *Assignment of judgment; entry on record does not constitute notice thereof to defendant.*—The entry of the transfer of a judgment upon the record of said judgment does not operate as notice to the defendant therein of such assignment; nor does the statute (Code of 1886, § 2927) giving to the assignee of a judgment or decree, the assignment to whom is entered on the judgment record, the right to have execution issued thereon for his use, whether plaintiff be living or dead, make the entry of such transfer notice to the defendant of the assignment.

3. *Same; void if for security merely, though absolute in form.*—Where a transfer or assignment of a judgment, though absolute and unqualified in form, is in fact made merely as security for the indebtedness of the assignor, there is a reservation of a benefit to the assignor, and such assignment is void as to other creditors.

APPEAL from the Chancery Court of Jefferson.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed by the appellants as sureties of their insolvent principal, Emil Lesser, against the appellees; and sought to have granted to them the benefit of a set-off held by their principal. The facts of the case are sufficiently stated in the opinion.

On the final submission of the cause, on the pleadings and proof, the chancellor decreed that the complainants were not entitled to the relief prayed for, and ordered their bill dismissed. From this decree the complainants appeal, and assign the rendition thereof as error.

CABANISS & WEAKLEY, for appellants.—1. This bill is not brought by the principal, E. Lesser, but by his sure-

[Steiner *et al.* v. Scholze *et al.*]

ties, he being insolvent; and its equity rests upon the right of sureties of an insolvent principal, in a court of equity to avail themselves of such defenses, including sets-off, as are possessed by the principal. This equity was fully recognized and declared, in this very case, upon a former appeal.—*Scholze v. Steiner*, 100 Ala. 148.

2. Notice to a judgment debtor of a transfer of the judgment is required to cut off defenses against the claim, such as sets-off acquired before notice of the transfer. Section 2927 of the Code is not a statute of registration, and was not intended to change the law upon the subject of notice to the judgment debtor. The statute is simply a regulation of the issuance of execution, and the record is simply for the guidance of the officer issuing the writ. It is not intended to affect the rights of parties beyond that. The only effect given the transfer by the statute is, "that the assignee may have execution thereon, in the name of the plaintiff for his use, whether the plaintiff be living or dead." It has been made, and is now the duty of a transferee, who desires to perfect the transfer as against the debtor, to give him timely notice.—*Henry v. Brothers*, 48 Pa. St. 70 ; *Johnson v. Bain*, 4 So. Rep. (La.) 163 ; *Moorer v. Moorer*, 87 Ala. 545. The statute afforded a merely cumulative method of transfer, entitling the assignee to an execution, for his use, whereas, theretofore, and still, as respects other methods of assignment, verbal or written, he would sue out execution in the name of the assignor, although such execution so sued out would be beyond the assignor's control.—*Gardner v. Mobile & N. W. R. R. Co.*, 102 Ala. 635 ; 2 Brick. Dig. 153, §§ 308-313.

3. Lesser, having had no notice of the transfer of the judgment against him, his purchase of the judgment against Herman Scholze is available as a set-off. *Lockwood v. Bates*, 12 Am. Dec. 121, is directly in point. The transfer of a judgment, like other choses in action, is inoperative as to the debtor until notice to him.—*Gallagher v. Caldwell*, 60 Am. Dec. 85 ; *Smith v. Ewer*, 60 Am. Dec. 73. Speaking of notice of the assignment of a chose in action, Mr. Wade says : "Even after the assignment has been made, the debtor being ignorant of the fact, will be protected in making payment of the debt in whole or in part, or in any set-off to the demand he may have acquired."—Wade on Notice, § 431 ; *Harwell v. Steel*, 17

[*Steiner et al.* v. *Scholze et al.*]

Ala. 372. Until notified of the transfer, the debtor "is entitled to regard the assignor as the owner, and may accept a release from him or purchase a debt which he owes and use it as a set-off.—1 Am. & Eng. Encyc. of Law, 480 ; 2 Pomeroy's Eq., 153, § 704. A transferred judgment may be used by a debtor as a valid set-off. It will even support a plea of set-off.—*Skipper v. Stokes*, 42 Ala. 255 ; *Loudon v. Tiffany*, 5 Watts & S. 367. The right of set-off of judgments now exists by express statutory declaration.—*Ex parte Lehman, Durr & Co.*, 59 Ala. 631 ; *Ryder v. Johnson*, 20 Pa. St. 190.

4. The transfer from Herman to Robert Scholze was fraudulent, because made by an insolvent debtor, and absolute in form, although intended merely as a security for a debt. Here there appears a parting with an asset apparently absolutely ; but while tied up from creditors, there is a secret agreement or understanding, entitling the debtor to have it back if he should otherwise pay the debt. The debt to Robert remained of force all the while. Robert Scholze could resort to all remedies to collect the debt out of other property of Herman, and if he did so, the pledged judgment would be released to the debtor, Herman, but upon the record it would stand as the absolute property of Robert. Such agreements tend to hinder, delay and defraud creditors, and have always been condemned by our decisions. It is of no consequence that the pledged property was not worth as much as the debt. Upon the answer of the defendant, Robert Scholze, as amended at the hearing, and upon his undisputed evidence, wherein he states not a dollar of his debt was extinguished by the transfer, the assignment was fraudulent and void as to creditors.—*Bryant v. Young*, 21 Ala. 264 ; *Hartshorn v. Williams*, 31 Ala. 149 ; *Sims v. Gaines*, 64 Ala. 392.

J. M. McMaster and S. L. Weaver, *contra*.—The only question in this case is the validity of the assignment of judgment in favor of Herman Scholze against Emil Lesser to Robert Scholze, on 16th of June, 1890. There is no evidence that the transfer was made in secret trust, so the allegations of the bill must fall. If there is any evidence, the answer fully denies it, is responsive and not overcome by the evidence.—*Anderson v. McVay*, 32 Ala. 471.

[Steiner *et al.* v. Scholze *et al.*]

It is admitted that the purchase of the Allen and Taylor judgment against Herman Scholze was made by Lesser four days later, 20th of June, 1890, after entry of the transfer of the judgment in favor of Robert Scholze. The entry was recorded on the judgment entry according to law, easily accessible, and any reasonable diligence and care would have afforded notice. In fact, it was their duty to examine the judgment entry. There was no intent to hinder and delay creditors, and it is admitted that the debt to Robert Scholze was legal and valid, and he in no way participated therein.—*Pollock v. Meyer*, 96 Ala. 172; *Cooper v. Berney Nat. Bank*, 99 Ala. 124.

HEAD, J.—On June 3, 1890, Herman Scholze recovered a personal judgment, in the city court of Birmingham, against Emil Lesser, from which Lesser appealed to this court, the complainants in the present bill becoming his sureties on the appeal and supersedeas bond. In June, 1891, this judgment was affirmed, this court rendering the usual personal judgment upon the bond, against the appellant and his sureties. On June 16, 1890, Herman Scholze entered upon the record adjacent to the minute entry of the judgment of *Scholze v. Lesser*, the following transfer: "For and in consideration of my indebtedness to Robert Scholze in the sum of five hundred dollars, evidenced by my promissory note to him, I hereby transfer and assign to the said Robert Scholze the judgment for $322.30, rendered in this case on the 3rd day of June, 1890." Dated June 16, 1890; signed by H. Scholze, and attested by the clerk. Robert Scholze was then in Tennessee, where he resided.

Prior to this, to-wit, September 5, 1889, Allen & Taylor had recovered a personal judgment against Herman Scholze, for $105.67, and, on June 20, 1890, Lesser purchased that judgment, for the purpose of using it as a set-off to the judgment Herman had recovered against him. At the time of this purchase, Lesser had no knowledge or notice of the transfer of the judgment against him to Robert Scholze, or of any prior agreement between Herman and Robert Scholze that it should be so transferred, unless the said registry of the transfer on the record of the city court, aforesaid, constituted notice.

[Steiner *et al.* v. Scholze *et al.*]

Both Lesser and Herman Scholze were insolvent, and Robert Scholze being about to coerce payment of the affirmed judgment, by execution, from the complainants —Lesser's sureties on the appeal bond—they filed this bill to set off the Allen & Taylor judgment, purchased and owned by Lesser, as aforesaid, against the judgment so being sought to be enforced against them.

There can be no doubt that the rule is general, that a debtor, whose obligation is not governed by the law-merchant, is protected against the assignee of the obligation, in all payments, sets-off, discounts or other defenses held, owned or acquired by him against the original creditor—the transferror—prior to notice of the transfer. It is so, both under the general law and our statute.—Code of 1886, § 1765. That section manifestly intends to include all actionable obligations (including judgments), except such as are governed by the commercial law, and paper issued to circulate as money. There are no citations in brief for appellees to the contrary, and we suppose they do not intend to dispute these propositions. If authorities are wanting they may be found on the brief of appellants' counsel. The chancellor was of opinion that the entry of the transfer on the record of the judgment constituted constructive notice of the transfer to the defendant in the judgment. Certainly this can not be true upon any principle of the general law, and we have been referred to no statute, and know of none, which makes such an entry constructive notice. It is an easy and simple matter for the transferee of a judgment to give the defendant notice of the transfer, if he desires to prevent the acquisition by the defendant of equities and defenses against the plaintiff in judgment, which would prevail against him. The defendant knows no owner of the judgment other than him who obtained it, and is not called upon to inquire whether others have acquired rights to it, unless by sufficient facts made known to him he is put upon such inquiry. Can it be supposed that a defendant, paying to the plaintiff, who obtained it, a judgment against him, pays in his own wrong, as against a transferee, of whose rights he has no notice, unless he makes general inquiry whether there has been a transfer or not, or goes to the court-house to ascertain whether or not a transfer has been there registered,

howsoever remote he may reside from the court-house?
No authority, we apprehend, can be found anywhere for
such a requirement.  Of course, if there was a statute
(such, for instance, as the statute for the registration of
conveyances), authorizing transfers of judgments to be
made upon the records of the judgments, and declaring
their effect to be to give notice to the defendants of such
transfers, defendants would be compelled, at their peril,
to examine the records before paying to the plaintiffs in
judgment, or otherwise acquiring equities or defenses
against them; but in the absence of such a provision,
the entry of the transfer upon the record amounts to
absolutely nothing, so far as notice to the defendant is
concerned, unless he is actually notified of it, or of facts
which would put him on inquiry, which if followed up
would lead to actual notice..  As well might the transfer
be entered upon a record of the probate court, or else-
where, for which there is no authority of law.

There is a statute, found in the chapter of the Code
regulating the revival of judgments and executions
thereon, (Code of 1886, § 2927), which provides that,
"If the assignment of a judgment or decree is made or
indorsed on the execution docket, or on the margin of
the record of the judgment or decree, and is attested by
the clerk, register or judge of probate, the assignee may
have execution thereon, in the name of the plaintiff, for
his use, whether the plaintiff be living or dead."

It is obvious, upon the mere reading, that the only
declared effect of the entry of the transfer, under this
provision, is to confer upon the assignee a legal right to
sue out execution on the judgment, in the name of the
plaintiff, for his use, whether the plaintiff be living or
dead.   In legislative intent, the provision was germane
to the revival of judgments, dormant by the death of
the plaintiff or other causes, which was specially treated
of and provided for, in the chapter in which it is found.
Previously, no execution could issue at all upon a judg-
ment, after the death of the plaintiff therein, notwith-
standing the judgment had been assigned.  The rights
of the assignee were entirely equitable, and his remedies
were equitable.  Prior to the death of the plaintiff, the
assignee had a right to control the judgment, and exe-
cution issued thereon in the name of the plaintiff, for
his use, would have been a valid process.  The design

of the statute was to render that process valid although the plaintiff be dead, and, it may be, to give the assignee a legal, as distinguished from an equitable right, to control and enforce the judgment, even though the plaintiff be living, to the entire displacement of the plaintiff's legal right to control the same. It never occurred to the legislature that it was providing, by this enactment, a means of notice to the defendant of the transfer of the judgment, requiring him to look out for transfers, before he should deal with the plaintiff or otherwise act with reference to the judgment. If such had been the purpose the statute would have said so in plain terms, as other statutes do which provide registration as a means of notice.

This is enough to dispose of this case; but, upon the undisputed evidence, the transfer in question was, in contemplation of law, fraudulent and void as against the creditors of Herman Scholze, as alleged in the bill. The transfer, as we have seen, was absolute in form and effect, vesting, if valid, the absolute property in the transferee, and discharging the indebtedness which constituted its consideration. The undisputed evidence shows that it was, in fact, for the *security* merely of the indebtedness. It is well settled in this State that in such cases, there is a reservation of a benefit to the assignor, which renders the assignment void as to creditors. See *Birmingham Dry Goods Co. v. Roden & Co.*, 110 Ala. 511, where the subject is fully discussed, and the authorities collected and commented upon.

Reversed and remanded.