# Christian & Craft Grocery Co. v. Michael & Lyons.

## Trial of the Right of Property.

1. *Execution; issued in term time without order of court not void.*—The issuance of an execution in term time and without order of court is only an irregularity—the execution is not void.

2. *Claimant; cannot complain of irregularity in issuance of execution.*—A claimant in a trial of the right of property cannot complain of irregularity in the issuance of execution against the defendant in the judgment.

3. *Mortgage of subsequent acquired property confers no specific lien.*—A mortgage of subsequently acquired property, especially by general terms of description, which is not the product, increase or accretion of something already owned by the mortgagor, amounts to nothing more than a mere agreement to give a further mortgage; it confers no specific lien on such after acquired property.

4. *Benefit reserved to mortgagor avoids mortgage as to creditors.*—Where it is evident from the terms of a mortgage and the course and conduct of dealing between the mortgagor and mortgagee, that it was the intention and understanding between the parties to the mortgage that benefit to the mortgagor should be reserved, the mortgage is thereby rendered void under the influence of § 2150 of the Code, as against the existing or subsequent creditors of the mortgagor, whether the reservation or benefit appears on the face of the instrument or is by a private understanding and agreement between the mortgagor and mortgagee.

APPEAL from the Circuit Court of Monroe.

Tried before the Hon. J. C. ANDERSON.

Michael & Lyons obtained a judgment in the City Court of Mobile against the Monroe Mill Co. and caused execution to issue thereon without order of court on the day following its rendition and in term time, and to be levied on certain property as the property of the company. The Christian & Craft Grocery Co. claimed the property through a mortgage executed to it by the mill

[Christian & Craft Grocery Co. v. Michael & Lyons.]

company prior to the debt of the mill company to the plaintiffs in execution. The questions raised were whether the execution issuing in term time and without order of court was void, and whether the mortgage was valid as against the execution. The other facts are stated in the opinion.

MACINTOSH & RITCH, for appellant.—(1). Subsequent creditors cannot avoid a conveyance without proof of actual or intentional fraud.—*Kerksy v. Snedicor,* 60 Ala. 192; *Seals v. Robinson & Co.,* 75 Ala. 369; *Craft v. Wilcox,* 102 Ala. 380. (2). The mortgage was valid as to subsequent creditors.—*Coal City Coal & Coke Co. v. Hazzard Powder Co.,* 108 Ala. 224; *Howell v. Corden,* 99 Ala. 112. (3). The intent with which the conveyance was executed by the grantor and accepted by the grantee is the test of its validity.—*Age-Herald Co. v. Potter,* 109 Ala. 675; *Roden & Co. v. Ellis,* 113 Ala. 656; *Hendon v. Morris,* 110 Ala. 113. (4). The mortgagee had a title in equity superior to the lien of an execution subsequently levied by one with notice of the mortgage.—*Electric Lighting Co. of Mobile v. Rust.*

G. L. & H. T. SMITH, *contra.*—(1). A mortgage of merchandise is void against existing and subsequent creditors where by the terms of the mortgage or by extraneous understanding, express or implied, the mortgagor is permitted to remain in possession of the property and to sell the same in course of trade for his own benefit.—*Benedict v. Renfroe,* 75 Ala. 121; *Murray v. McNeal,* 86 Ala. 234; *McDermott v. Eborn,* 90 Ala. 258. (2). Premature issuance of execution only an irregularity.—*Sandlin v. Anderson, Green & Co.,* 76 Ala. 405; *Draper, Mathis & Co. v. Nixon,* 93 Ala. 438; Freeman on Executions, Sec. 25.

DOWDELL, J.—The claimant, on the trial in the court below, asserted title to the property in question, levied on by plaintiffs as the property of the defendant in execution, under a mortage executed by defendant to claimant. The plaintiff having proved their debt against the defendant and the levy of the execution

on the property in defendant's possession, made a *prima facie* case; and unless the claimant offered evidence tending to show a better right or claim, the plaintiffs were entitled to the affirmative charge.

The mortgage offered in evidence by the claimant purported to convey a large quantity of real estate and personal property, and contained the following clause, namely: "Also all of the logs, timbers, lumbers, and other manufactured wood products that the said Monroe Mill Company may own or have on hand at the time of and subsequent to any default that may occur under the terms of this instrument." The mortgage also contained the following defeasance clause: "The conditions of the foregoing conveyance are such, that whereas the Monroe Mill Company is indebted to the said Christian & Craft Grocery Company in the sum of ten thousand dollars, evidenced by its three several negotiable promissory notes of even date herewith, payable to the order of itself at the First National Bank of Mobile, Ala. One of the said notes being for the sum of three thousand dollars, payable sixty days after date; one of said notes being for three thousand dollars, payable four months after date; and the other of said notes being for four thousand dollars, and payable six months after date. Now, therefore, should the said Monroe Mill Company well and truly pay or cause to be paid said promissory notes at their respective maturities, then this conveyance is to be void, otherwise the same is to be and remain in full force and effect. Should default be made in any one of the payments of said notes at its maturity, then all of said promissory notes shall become due and payable, and the said Christian & Craft Grocery Company may through such agents or attorneys as it may appoint, take possession of and sell all of its said property of every kind and description, at public outcry, either for cash or upon such credit as it may deem to its best interest. Said sale to be made at Perdue Hill, and notice of the time, place and terms of said sale to be given for ten days or more, by posting written notices thereof upon the premises of the Monroe Mill Company, in Monroe county, and at least two public places in said county. And it is hereby expressly agreed

[Christian & Craft Grocery Co. v. Michael & Lyons.]

that the said Christian & Craft Grocery Company may, if it sees fit so to do, bid at and become the purchaser of any of it or all of said property should its bid be the highest and best therefor."

The evidence without conflict shows that the defendant mill company was engaged in the manufacture of lumber; that it remained in possession of the property mortgaged and continued in the said business after the execution of said mortgage to claimant and after default had been made in the payment of the notes for which the mortgage had been given to secure, even on down to the time of the levy of plaintiffs' execution; that the logs which it cut and made into timber and lumber were obtained in part from the lands described in the mortgage, and in part from other sources; that the timber and lumber so manufactured by the defendant company, was shipped to the claimant at Mobile, and by it, the said claimant, was sold and the proceeds of such sales applied largely to the unsecured account of the defendant company with claimant for supplies and advances, and part of such proceeds applied in payment of orders given by the defendant company to third persons or claimant, and only a small part of such proceeds were applied to the mortgage debt. There is no evidence that the logs and timber levied upon by plaintiffs' execution were cut from the land described in the mortgage. Nor is there any evidence in the case that the property levied on was the product of, or manufactured from logs owned by defendant mill company at the time of the execution of the mortgage, or until after default by the mortgagor under the terms of the mortgage. So far as the record discloses, it was after-acquired property, and acquired after default made by the mortgagor. It is said by this court in *Burns v. Campbell*, 71 Ala. 288, "So a mortgage of subsequently acquired property, especially by general terms of description, which is not the product, increase or accretion of something already owned by the mortgagor, amounts to nothing more than a mere agreement to give a further mortgage. It confers no specific lien on such after-acquired property;" citing Herman on Chat. Mort., § 46; *Anderson v. How-*

*ard,* 49 Ga. 313; *Otis v. Sill,* 8 Barb., 102; 2 Kent's Com., 468.

It is evident from the terms of the mortgage and the course and conduct of dealing between the claimant and the defendant mill company, that it was the intention and understanding of the parties to the mortgage that the mortgagor, mill company, should continue in the possession of the property mortgaged, manufacturing timber and lumber from logs and selling the same for its, the said mill company's account and benefit. Such was a reservation of benefit to the mortgagor, and it is immaterial whether it appeared in the face of the instrument, or was by a private understanding and agreement between the mortgagor and mortgagee, as to creditors of the mortgagor, the result would be the same. Such being true, the instrument was thereby rendered void as against the existing or subsequent creditors of the defendant mill company under the influence of section 2150 of the Code.—*Pugh, Stone & Co. v. Harwell & Clark,* 108 Ala. 490; *O'Neil v. Birmingham Brewing Co.,* 101 Ala. 388; *McDermott v. Eborn,* 90 Ala. 260; *Murray, Dibrell & Co. v. McNealy,* 86 Ala. 234; *Owens v. Hobbie & Teague,* 82 Ala. 466; *Benedict, Hall & Co. v. Renfro & Co.,* 75 Ala. 121.

The fact that the execution was issued prematurely constitutes only an irregularity, and does not render the execution void.—*Draper, Mathis & Co. v. Nixon,* 93 Ala. 438; *Sanderlin v. Anderson, Greene & Co.,* 76 Ala. 405; *Steel v. Tutwiler,* 68 Ala. 107; Freeman on Executions, 25.

The irregularity of the execution was a matter of which the claimant could not complain.—*Dollins v. Pollock & Co.,* 89 Ala. 356; *Sanderlin v. Anderson, Greene & Co., supra.*

We find no reversible error in the record and the judgment of the circuit court is affirmed.