# Truitt *v.* Crook.

## *Statutory Claim Suit.*

1. *Assignment of insurance policy; void if for security merely, though absolute in form.*—Where the transfer or assignment of an insurance policy, after the loss, but before the adjustment, though absolute and unqualified in form, is in fact made merely as security for an indebtedness of the assignor to the assignee, there is a reservation of a benefit to the assignor, and such assignment or transfer is void as to his other creditors.

2. *Same; same; case at bar.*—Where an insurance policy, after the loss has occurred, but before the adjustment thereof, has been transferred or assigned by the assured to a creditor, with the understanding that if less than enough was realized from the policy to pay the assured's debt to the assignee, the amount so collected on the policy was to be credited on the debt, but if more was realized than was sufficient to pay the debt, the surplus was to be returned to the assured, such an assignment will not be held to be a security for the debt, as opposed to an absolute conveyance; but such assignment is valid as to other creditors.

APPEAL from the City Court of Anniston.

Tried before the Hon. JAMES W. LAPSLEY.

On March 29, 1900, Alf Truitt, the appellant, instituted a suit against J. E. Crook, and counted upon a promissory note due and payable on December 1, 1899. In aid of this suit, plaintiff sued out a writ of garnish-

ment, which was sued out upon the London & Lanca-
shire Fire Insurance Company. The garnishee answered,
admitting liability on a fire insurance policy, issued to
the defendant J. E. Crook on the 8th day of January,
1900; the property covered by insurance having been de-
stroyed by fire on January 23, 1900. The garnishee, how-
ever, in its answer, suggested that S. W. Crook, the ap-
pellee, claimed to be the owner of the insurance policy
at the time of the service of the writ of garnishment.
Notice was duly served upon S. W. Crook who came in
and propounded his claim, and issue was made up be-
tween the plaintiff and the claimant, the question being
as to whether the plaintiff as a creditor of J. E. Crook
was entitled to subject the amount of the policy to the
payment of his judgment, which had been obtained
against J. E. Crook as against the claimant, S. W. Crook,
who claimed under the transfer from J. E. Crook, after
the loss by fire and before the service of the writ of gar-
nishment.   It was shown, as stated above, that the fire
insurance policy was issued on the 8th of January, 1900,
and that the property covered by the policy was de-
stroyed on the night of January 23, 1900. It was fur-
ther shown that J. E. Crook was indebted to S. W. Crook
in the sum of $973, which was evidence by a note, and
was past due. It was further shown that J. E. Crook
transferred the policy of insurance to the claimant.
This transfer was in writing, was executed January 28,
1900, and was in words and figures as follows: "For
value received, I herewith transfer to S. W. Crook, Jr.,
the insurance policy that I now hold against the London
& Lancashire Fire Insurance Company of Liverpool,
England, for $1,480, amount of insurance on my barn
and contents of same, which was destroyed by fire on the
night of January 23, 1900, at Jacksonville, Alabama."
It was signed by J. E. Crook.

The claimant as a witness testified that the insurance
policy was assigned to him after the loss by fire, and was
inclosed in a letter written to him by said J. E. Crook,
and that he, the claimant, had no agreement with J. E.
Crook about the transfer prior to the assignment. The
claimant further testified that at the time of the transfer

[Truitt v. Crook.]

the loss on the insurance policy had not been adjusted, and that the policy was transferred with the understanding that the amount collected on it was to be credited on the note, if it was less than $973; and if more than this amount was collected, the surplus was to be returned to J. E. Crook.

It was shown that the amount due upon the policy of insurance after the adjustment was $892.50.

The cause was tried by the court without the intervention of a jury. Upon the hearing of all the evidence the court rendered judgment in favor of the claimant, to the rendition of which judgment the plaintiff duly excepted. The plaintiff appeals, and assigns as error the rendition of judgment in favor of the claimant.

THOMAS W. COLEMAN, JR., for appellant.—A formal sale intended to operate only as security for the indebtedness, is a transfer for the use of the person executing the same within the statute.—Code, § 2150; *O'Neil v. Br. Brew. Co.*, 101 Ala. 383; *Bryant v. Hall*, 21 Ala. 264; *Sims v. Gains*, 64 Ala. 392; *Hartshorn v. Williams*, 31 Ala. 149; *Ruse v. Bromberg*, 88 Ala. 628; *Birmingham Dry Goods Co. v. Kelso*, 110 Ala. 511; *Steiner v. Scholze*, 114 Ala. 88.

MATTHEWS & WHITESIDE, *contra.*

TYSON, J.—The transfer of the policy of insurance assailed as fraudulent is absolute in form. The contention, that it is void, is based solely upon the proposition that it was intended as a *security* for a debt, which it is admitted was due by the transferor to the transferee. If the evidence establishes this contention, it cannot be a matter of serious controversy, that the transfer was invalid as against the plaintiff who was a creditor of the transferor at the time it was made. The principle upon which such a transfer is held void as against creditors, is, that there is a reservation of a benefit to the transferor—a trust for his use.—Code, § 2150; *Steiner v. Scholze*, 114 Ala. 88; *O'Neil v. Birmingham Brewing Co.*, 101 Ala. 383; *Bryant v. Hall*, 21 Ala. 264. However, before a transfer can be stricken down as infected with fraud

on this account, it is necessary that an agreement or understanding between the parties, either express or implied, be shown, that it was intended as a security and not as an absolute conveyance. No such agreement or understanding is sufficiently shown by the evidence in this record as authorizes us to disturb the judgment of the court in this case.—Acts, 1896-97, p. 324; *Woodrow v. Hawving*, 105 Ala. 240.

Affirmed.