(87 South. 176)

**LEWIS v. BANK OF MOBILE.** (1 Div. 149.)

(Supreme Court of Alabama. Dec. 2, 1920.)

1. **Fraudulent conveyances** ⬤⟝57(1)—**Assignment of automobile as security void as to creditors of assignor.**

Assignment of an automobile by defendant to the claimant of the car when attached, intended to operate merely as security for a debt for money loaned, made at a time when defendant was financially embarrassed, if not wholly insolvent, and when judgments had been rendered against it, executions issued and placed in the hands of the sheriff, and no property found subject to such executions, was obnoxious to the statute of frauds, and void as to defendant's creditors, under Code 1907, § 4287.

2. **Pledges** ⬤⟝11—**Pledge wherein pledgor retained possession, etc., void as against creditors.**

A pledge of property wherein the pledgor retained possession with a right to sell and dispose of the property was impotent to vest in the pledgee any right or title as against the pledgor's creditors.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Action by James A. Lewis against the Auto Service Company for unpaid rent, with attachment levied upon one Saxon automobile, with claim thereto by the Bank of Mobile. Judgment for claimant, and plaintiff appeals. Transferred from Court of Appeals under Laws 1911, p. 449, § 6. Reversed and rendered.

On May 24, 1916, Lewis procured an attachment against the property of the Auto Service Company on account of unpaid rent. On May 31 the sheriff executed the writ by levying upon a Saxon automobile. On the same day that the attachment was levied the Bank of Mobile filed for record the paper set out in the opinion, and also filed claim for the automobile levied on.

Smiths, Young & Leigh, of Mobile, for appellant.

The provisions in the note offered in evidence are void, because the bank never had possession of the automobile. 126 Ala. 239, 28 South. 603, 85 Am. St. Rep. 21; 8 Ala. App. 496, 62 South. 537; 31 Cyc. 798. The plaintiff made out a prima facie case, and the burden shifted to the claimant to establish a better title to the property. 78 Ala. 555; 81 Ala. 161, 1 South. 199; 82 Ala. 384, 2 South. 895; 105 Ala. 351, 16 South. 890; 150 Ala. 579, 43 South. 721. The undisputed evidence showed that the claimant had been paid in full and its lien satisfied. 16 Ala. App. 605, 80 South. 179. Having obtained the automobile by making a forthcoming bond, plaintiff's lien could not be defeated by any act of the bank. 15 Ala. 127; 54 Ala. 330; 67 Ala. 570; 87 Ala. 316, 5 South. 876, 13 Am. St. Rep. 36; 167 Ala. 669, 52 South. 642; (Ky.) 87 S. W. 1083. The instrument the bank claimed under was void, both as to existing and subsequent creditors. Section 4287, Code 1907; 31 Ala. 149; 21 Ala. 264; 64 Ala. 392; 83 Ala. 162, 4 South. 135; 85 Ala. 56, 4 South. 140; 88 Ala. 619, 7 South. 384; 114 Ala. 88, 21 South. 428; 129 Ala. 377, 30 South. 618; 131 Ala. 91, 32 South. 509. Instrument retained a secret benefit to the defendant and was therefore void. 132 Ala. 92, 31 South. 36; 152 Ala. 452, 44 South. 693; 160 Ala. 298, 49 South. 362, and authorities supra.

Alex T. Howard, of Mobile, for appellee.

The document was not fraudulent or void. 189 Ala. 281, 65 South. 1020; 200 Ala. 638, 77 South. 12. The contract was made in November, 1915, and no one was injured by a failure to record the same. 171 Ala. 423,

---

55 South. 100. The claim that there was an alleged wrongful sale of the car while the suit was pending is without merit. 129 Ala. 424, 30 South. 667.

BROWN, J. The former appeal was from an order of the circuit court setting aside a judgment in favor of the claimant, the Bank of Mobile, and granting a new trial. Bank of Mobile v. Lewis, 16 Ala. App. 605, 80 South. 179. This order was affirmed, and on the subsequent trial of the case judgment was again rendered for the claimant, and from that judgment this appeal is prosecuted.

The questions decisive of the case now presented do not appear to have been presented on the former appeal, and, if so, they were not considered or treated by the Court of Appeals in disposing of the case.

This is a trial of the right of property, and after the plaintiff had shown the issuance and levy of an attachment on the property while in the possession of the defendant— the attachment being sued out by a landlord to enforce the statutory lien for rent—the claimant, to sustain its title and right to recover, offered a paper writing in words as follows:

"Mobile, Ala., May 5, 1916.

"Know all men by these presents: That we, the Auto Service Company, Inc., for and in consideration of the sum of five hundred dollars, cash to them in hand paid by the Bank of Mobile, N. B. A., the receipt whereof is hereby acknowledged, do hereby grant, bargain, sell and assign to the said the Bank of Mobile, N. B. A., the following goods and chattels, to wit: One model S. 2 Saxon Six touring car, car No. 11913, motor No. 12512.

"The Auto Service Company, Inc., a corporation of Mobile, Ala., do hereby acknowledge receipt from the Bank of Mobile, N. B. A., and are holding as trustee the above-described property. The said property to be sold by the Auto Service Company, Inc., as agent for the Bank of Mobile, N. B. A., for $——; said Auto Service Company, Inc., agrees to keep above said property insured against fire.

"[Signed] Auto Service Co., Inc.

"By J. G. Crowley, Sec. & Treas."

This paper is in form and substance a deed of assignment or bill of sale to the property in question, purporting to vest in the claimant the absolute title to the property, leaving the property in the possession of the assignor with the right to sell the same as the agent or trustee of the assignee.

The evidence is without dispute that this assignment was intended by the parties to operate merely as a security for a debt due from the defendant to the claimant for money loaned, and at the time of the execution of the assignment the defendant was financially embarrassed, if not wholly insolvent; that judgments had been rendered against it and executions had been issued and placed in the hands of the sheriff, and no property was found subject to these executions.

[1] Under the repeated rulings of this court this rendered the assignment obnoxious to the statute of frauds, and it is wholly void as to creditors of the assignor. Code 1907, § 4287; Hill v. Rutledge, 83 Ala. 162, 4 South. 135; Steiner v. Scholze et al., 114 Ala. 88, 21 South. 428; Birmingham Dry Goods Co. v. Roden, 110 Ala. 511, 18 South. 135, 55 Am. St. Rep. 35; Stephens v. Regenstein, 89 Ala. 561, 8 South. 68, 18 Am. St. Rep. 156; Truitt v. Cook, 129 Ala. 377, 30 South. 618; Christian & Craft v. Micheal, 121 Ala. 84, 25 South. 571, 77 Am. St. Rep. 30; Taylor v. Dwyer, 131 Ala. 91, 32 South. 509; Roden & Co. v. Norton & Co., 128 Ala. 129, 29 South. 637.

The evidence shows that when the assignment was made the defendant was indebted to the plaintiff for rent of the building in which it (defendant) conducted its business, and the value of defendant's equity in the property was equal to, if not in excess of, one-third of the actual market value of the property. These facts differentiate this case from Adkins v. Bynum, 109 Ala. 281, 19 South. 400, and Manchuria S. S. Co. v. Donald & Co., 200 Ala. 638, 77 South. 12, cited and relied on by appellee, and renders these cases inapt as authorities here.

[2] The pledge of the property expressed in the note dated May 15, 1916, in view of the undisputed evidence that the pledgor retained the possession of the property with the right to sell and dispose of it, was equally as impotent to vest in the pledgee any right or title as against the pledgor's creditors. Am. Pig Iron & Storage Co. v. German, Executor, 126 Ala. 194, 28 South. 603, 85 Am. St. Rep. 21; Rolfe v. Huntsville Lbr. Co., 8 Ala. App. 496, 62 South. 537.

Other reasons might be stated why the claimant should not have a judgment in this case, but we deem what we have said sufficient to show that the judgment for the claimant was erroneously rendered.

The judgment of the circuit court is therefore reversed, and one will be here rendered in favor of the appellant, condemning the property to the satisfaction of his judgment in the attachment suit.

Reversed and rendered.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.