(106 So. 846)

**CARTER v. MIZELL.   (4 Div. 191.)**

(Supreme Court of Alabama.   Nov. 5, 1925. Rehearing Denied Jan. 21, 1926.)

1. **Set-off and counterclaim ⬅️44(2)—Debt of individual partner cannot be set off against debt of partner's creditor, owing to partnership.**

As a general rule debt of individual partner cannot be set off against debt of partner's creditor, owing to partnership.

2. **Partnership ⬅️247—Surviving partner is chargeable with payment of all partnership debts.**

Surviving partner is chargeable with payment of all partnership debts.

---

3. **Set-off and counterclaim ☜44(2)—Claim of third person against one individually, who is sole owner of company, may be set off against debt owing from such third person to the company.**

Claim of third person against one individually, who is sole owner of former partnership property, may be set off against debt owing from such third person to partnership.

4. **Partnership ☜227—Recordation of assignment of interest of partner, in partnership, to his wife, held not constructive notice to creditor of partner individually.**

Recordation of assignment of partner's interest in partnership to his wife *held* not constructive notice to creditor of such individual partner, whose place of business was in another county; there being no authority for such recordation.

5. **Set-off and counterclaim ☜52(1)—Where partner, without notice to his creditor, assigned all of his interest in partnership to his wife, claim of such creditor held subject to set-off against claim of wife, as sole owner of company, against such creditor.**

Where partner, without notice to his creditor, assigned all of his interest in partnership to his wife, and later, with her knowledge, and acquiescence, acquired interest of other partner and operated business as before, claim of such creditor *held* subject to set-off against claim of wife, as sole owner of company, against such creditor.

Appeal from Circuit Court, Covington County; W. L. Parks, Judge.

Action by Eloise Searcy Carter against C. W. Mizell. From a judgment for defendant, plaintiff appeals. Affirmed.

The following is the assignment from A. M. Carter to the plaintiff:

"State of Alabama, Coosa County.

"For a valuable consideration, as well as love and affection, I, A. M. Carter, do hereby transfer, assign, and convey and set over to my wife, Eloise Searcy Carter, all the future output of the Rockford Turpentine Company, and also all of the cash balance due to the Rockford Turpentine Company, and A. M. Carter, which cash is now in the hands of Douglas & Mizell, naval stores commission merchants of Opp, Ala., and on which they are paying interest at the rate of 8 per cent., said money being in their hands to the credit of Rockford Turpentine Company, and A. M. Carter; it being the purpose and intention of this conveyance to transfer absolutely to the said Eloise Searcy Carter all future credits and all of the said money now due the Rockford Turpentine Company, and A. M. Carter, by Douglas & Mizell. And I hereby agree not to draw any of said money or to check on the same, either in my own name or in the name of Rockford Turpentine Company, without the permission of the said Eloise Searcy Carter.

"Witness my hand this the 1st day of October, 1919.                    'A. M. Carter."

Holley & Milner, of Wetumpka, and Powell, Albritton & Albritton, of Andalusia, for appellant.

A. M. Carter had the authority to make the assignment to his wife. Only creditors of the partnership could attack it as fraudulent, and there were no creditors. Defendant could not set off the individual debt of A. M. Carter against the claim of plaintiff, held by her as assignee of the partnership, the Rockford Turpentine Company. Hyrschfelder v. Keyser, 59 Ala. 338; Halstead v. Shepard, 23 Ala. 558; Ala. Coal Min. Co. v. Brainard, 35 Ala. 482; P. & M. Bank v. Willis, 5 Ala. 770; Stewart v. Kirkland, 19 Ala. 162; Wellborn v. Buck, 114 Ala. 277, 21 So. 786; Code 1923, §§ 5699, 10172; First Nat. Bank v. Capps, 208 Ala. 207, 94 So. 109; Drennen v. Gilmore Bros., 132 Ala. 246, 31 So. 90, 90 Am. St. Rep. 902; Cannon v. Lindsey, 85 Ala. 201, 6 So. 676, 7 Am. St. Rep. 38. For mere silence to create estoppel, there must be the element of fraud. 13 Michie's Ala. Dig. 1014; 21 C. J. 1119, 1139, 1152, 1167; 5 Michie's Dig. 648.

W. W. Sanders, of Elba, and W. O. Mulkey, of Geneva, for appellee.

The debtor or party liable on an assigned instrument is not affected by the assignment until he has actual notice thereof. The record of an instrument not authorized to be recorded is not notice. 1 C. J. 934; Steiner v. Scholze, 114 Ala. 88, 21 So. 428; Stewart v. Kirkland, 19 Ala. 163. One party has no right to give away the partnership assets. The effect of the transaction here was the giving away of partnership assets. Boykin v. Persons, 95 Ala. 626, 11 So. 67; Cannon v. Lindsey, 85 Ala. 198, 3 So. 676, 7 Am. St. Rep. 38; Hyrschfelder v. Keyser, 59 Ala. 338; Ullman v. Myrick, 93 Ala. 532, 8 So. 410; Halstead v. Shepard, 23 Ala. 558. Defendant had a right to plead the indebtedness of A. M. Carter as a set-off. The demands were mutual. 24 R. C. L. 870; 20 R. C. L. § 230; Lindley on Partnership, 340; Bates on Partnership, § 1077; Lewis v. Culbertson, 11 Serg. & R. (Pa.) 48, 14 Am. Dec. 607; Holbrook v. Lackey, 13 Metc. (Mass.) 132, 46 Am. Dec. 726; Andrews v. Brown, 21 Ala. 437, 56 Am. Dec. 252; Berry v. Harris, 22 Md. 30, 85 Am. Dec. 641; 65 Am. Dec. 299, note. The assignment was void. Code 1923, § 8038; Wood v. Potts, 140 Ala. 425, 37 So. 253; Hall & Farley v. Ala. Term. Co., 143 Ala. 464, 39 So. 285, 2 L. R. A. (N. S.) 130, 5 Ann. Cas. 363. Plaintiff's failure to notify defendant of the assignment, having knowledge of the facts, estopped her to assert her demand. Ashurst v. Ashurst, 119 Ala. 219, 24 So. 760; 10 R. C. L. 692; Martin v. Brown, 199 Ala. 134, 74 So. 241; Mobile T. & W. Co. v. Bank, 201 Ala. 419, 78 So. 797; Knowles v. Gunter, 204 Ala. 411, 85 So. 735.

GARDNER, J. On October 1, 1919, and prior thereto, the Rockford Turpentine Com-

pany, a partnership composed of A. M. Carter and his brother, S. M. Carter, was engaged in the turpentine business in Coosa county, Ala. Douglas and Mizell, a partnership composed of A. S. Douglas (now deceased) and C. W. Mizell, defendant to this suit, were naval stores commission merchants in Covington county, Ala., and, as such, handled the products of the Rockford Turpentine Company, hereinafter referred to for convenience as the Rockford Company. On October 1, 1919, said Rockford Company had to its credit with Douglas and Mizell nearly $14,000, upon which balances, as well as other balances thereafter created, Douglas and Mizell were to pay interest at the rate of 8 per cent. per annum.

On the above-named date A. M. Carter, one of the partners, transferred to his wife, the plaintiff in this cause, all the future output of the Rockford Company, and also all of the cash balance due said company and A. M. Carter in the hands of Douglas and Mizell. This transfer was signed by A. M. Carter alone and was recorded in Coosa county on October 4, 1919. The consideration for the transfer was love and affection and the sum of $50 paid by the wife to the husband on the advice of counsel to make the same valid. Thereafter the trade balance of the Rockford Company continued to increase until at the time of the institution of this suit it amounted to approximately $35,000, and for a recovery of this balance the plaintiff has brought this suit against defendant as surviving partner of the firm of Douglas and Mizell. During this time A. M. Carter owned and operated, individually, another business in Coosa county, known as the Coosa County Turpentine Company, to which concern Douglas and Mizell made advances from time to time. S. M. Carter had no connection with this latter business, and in April, 1921, sold to his brother, A. M. Carter, all interest he owned (which was a one-third) in the Rockford Company, being paid therefor out of the funds of the Rockford Company. Douglas and Mizell had no knowledge of any transfer to Mrs. Carter, the plaintiff, and ostensibly A. M. Carter thereafter continued as sole owner and operator of the Rockford Company's business. While the sale by S. M. Carter of his interest was consummated in April, 1921, plaintiff states the trade was in fact made in 1920, and he retired from the business in January, 1920. The business continued to be managed and conducted by plaintiff's husband after the transfer just as it had been before. Referring to the sale of S. M. Carter's interest and the management of the business by her husband, plaintiff stated:

"It was agreed he should manage it for me. I became the Rockford Turpentine Company. That was the agreement at the time this transfer was made. The matter had been discussed with S. M. Carter. but the trade had not been closed for sure. He knew he was going to get it, but he hadn't named the price."

Douglas and Mizell had no notice of the transfer until March, 1922, when they were informed in a letter from A. M. Carter. At this time the indebtedness of A. M. Carter to Douglas and Mizell was considerably in excess of the trade balance in their hands in favor of the Rockford Company.

The defendant interposed special pleas attacking the transfer to plaintiff as fraudulent and void; also pleading an estoppel. In plea 5 defendant pleaded the indebtedness of A. M. Carter as a set-off to plaintiff's claim, and the trial court gave the defendant the affirmative charge upon this plea of set-off. We have reached the conclusion that this action of the court below was correct, and all other defensive matters may be therefore pretermitted.

[1-3] It is insisted upon the part of appellant that the individual indebtedness of A. M. Carter was not subject to be set off against plaintiff's claim, for the reason that she acquired by the transfer from A. M. Carter the partnership claim of the Rockford Company, and that the individual debt of a member of the partnership cannot be set off against such partnership demand. The general principle insisted upon is conceded as established by our decisions (First Nat. Bank v. Capps, 208 Ala. 207, 94 So. 109), but we are persuaded it is not applicable under the situation here presented. The principle rests upon a lack of mutuality of the demands and upon the further fact that—

"The effect of allowing such a set-off would be an indirect appropriation of partnership assets to the payment of the private debt of one of the individual partners." Cannon v. Lindsey, 85 Ala. 198, 3 So. 676, 7 Am. St. Rep. 38.

The reason of the rule does not here apply. By the purchase of the interest of S. M. Carter, A. M. Carter became the sole owner. Thus was the partnership dissolved, and the demand lost its character as a partnership asset. Defendant, as surviving partner, was chargeable with the payment of all debts of Douglas and Mizell. Andrews v. Brown, 21 Ala. 437, 56 Am. Dec. 437. Had there been no assignment of the claim, and suit had been brought by A. M. Carter, the sole owner, clearly defendant's plea of set-off would have been maintainable; the demands being mutual. 20 R. C. L. § 230; 24 R. C. L. p. 870; Holbrook v. Lackey, 13 Metc. (Mass.) 132, 46 Am. Dec. 726; Hoyt v. Murphy, 18 Ala. 316.

[4] The assignment to plaintiff, under the circumstances here shown, does not alter the situation. The dissolution of the partnership, and the acquisition of the entire interest in A. M. Carter, was all done with her knowledge and acquiescence. Indeed, as we read and understand the testimony of plaintiff, particularly that hereinabove quoted, it was contemplated from the time of the transfer, or, at least, very soon thereafter, that plaintiff should become, in fact, the Rockford

Company. The changed character of the demand, therefore, was with her knowledge and consent, and in the contemplation of herself and husband. No notice of the assignment was given defendant or his firm. There was no authority for its recordation, and, being placed on record in Coosa County, was, therefore, not constructive notice thereof. Stewart v. Kirkland, 19 Ala. 162.

[5] Plaintiff's claim is not governed by the law merchant, and defendant is protected against such obligation in the set-off owned or acquired by him against A. M. Carter, the transferor, prior to notice of the assignment. Steiner v. Scholze, 114 Ala. 88, 21 So. 428.

It is without dispute that, at the time such notice was given, plaintiff's transferor was indebted to defendant in a sum largely in excess of the amount of plaintiff's claim. In a consideration of this question, we have assumed (without deciding) the validity of the assignment, and have omitted any detailed facts that did not appear as essential to a decision of the case.

We conclude that the learned trial judge correctly ruled in giving the affirmative charge for defendant upon his plea of set-off, and the judgment will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.