(134 So. 793)

## STINSON v. LANIER.

### 2 Div. 968.

Supreme Court of Alabama.

May 21, 1931.

Patton & Patton, of Carrollton, for appellant.

Gray & Dansby, of Butler, for appellee.

BOULDIN, J.

W. R. Stinson sued M. E. Lanier on a promissory note for $1,000. The cause went to

the jury on plea C, as follows: "For further answer to the complaint, the defendant says that at the time of filing this suit and of this plea, plaintiff was and still is indebted to the defendant in the sum of Twelve Hundred ($1200.00) Dollars for that the plaintiff and the defendant soon after the execution of the note sued on entered into an agreement wherein the defendant was to purchase 200 head of cattle of an average weight of 600 pounds from J. B. Burford at not more than 3 cents per pound, to be delivered either to plaintiff or a Mr. Ozment one or both, and plaintiff and said Ozment agreed to allow defendant one cent per pound on the said cattle purchased, and plaintiff further agreed to allow this commission amounting to Twelve Hundred ($1,200.00) Dollars, as a credit on the note sued on and to satisfy and surrender said note, and defendant avers that he did purchase and deliver said cattle as per the terms of said agreement, but that plaintiff has breached said agreement in that he has failed and refused to satisfy and deliver said note, but has sued on the same; the defendant alleges that said sum of Twelve Hundred ($1,200.00) Dollars is due and owing him by plaintiff and has not been paid, released or otherwise satisfied, and defendant hereby offers to set off and allow said amount against the debt claimed under the note sued on."

Evidence in support of this plea tended to show the Burford cattle were bought for Ozment & Stinson, a partnership transaction, and that the commissions accruing thereon were due from the firm.

In several ways plaintiff raised and here presents the point that a debtor, sued upon a demand due a member of a partnership, cannot set off a demand held by him against the partnership.

The rule of mutuality in matters of set-off, as often declared, forbids a partnership debtor, when sued by the partnership, to set off a personal demand against a member of the firm, unless the partnership, plaintiff, consents thereto. To do so results in appropriation of partnership assets to the payment of the debts of the individual members. Carter v. Mizell, 214 Ala. 182, 106 So. 846.

Conversely, when a member sues a third person upon an individual demand, a set-off of a demand held by defendant against the plaintiff's partnership is in effect an appropriation of individual assets in satisfaction of the firm debts. Since the plaintiff partner is individually liable for the firm debt, and under our law may be sued individually and alone, the reason for denying the set-off is not so obvious. Still it is the declared law of Alabama that set-off is not pleadable in such case. First National Bank v. Capps, 208 Ala. 207, 94 So. 109.

This rule, however, has no application to the case made by the plea and the evidence in support thereof.

The evidence for defendant tended to show that, on the occasion of the purchase of the cattle, defendant and both partners being present, the basis of figuring commission, and the amount of commissions due for defendant's services, were agreed upon, and all parties agreed they should go in satisfaction of the note then held by plaintiff and now sued upon.

An employment by a partner of a third person to do service for his firm to be paid for with funds of the partner then held by the employee is unquestionably a lawful transaction; so, also, a like arrangement between all parties at the time and in connection with the performance of the service.

When the members of the partnership have agreed before suit brought that a partnership demand may be applied in satisfaction of a demand against the individual partner, the right of set-off arises. Bradley Fertilizer Co. v. Pollack & Co., 104 Ala. 402, 16 So. 138; Clark v. Taylor & Co., 68 Ala. 453; Hoyt, Ford & Robinson v. Murphy, 18 Ala. 317.

On like principles an agreement all round that the partner's individual demand may go in satisfaction of a partnership demand should be given like effect.

That our opinion be not misleading we observe that plea C, in some features, may be regarded, in substance and effect, as one of accord and satisfaction, and the evidence may be viewed in similar light. No question is raised calling for a decision on this line.

Refusal of affirmative charge for plaintiff was free from error here insisted upon.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.