140 So. 614

**FIRST NAT. BANK OF OPP v. T. J. PERRY & SON.**

**4 Div. 658.**

Court of Appeals of Alabama.

Nov. 3, 1931.

Rehearing Denied Dec. 11, 1931.

C. B. Fuller, of Opp, for appellees.

W. O. Mulkey, of Geneva, and Simmons & Simmons, of Opp, for appellant.

BRICKEN, P. J.

Appellees T. J. Perry & Son recovered a judgment in the Coffee county circuit court against Fred Redmon on the 12th day of June, 1925. A certificate of this judgment was duly filed for record on October 16, 1925. On January 4, 1928, Redmon "made arrangements" with the farm bureau in Coffee county for the fertilizer involved in this suit. "He figured out what he needed for the year (1928) and then went to the First National Bank of Opp, Alabama, before he renewed his note and mortgage, which was introduced in evidence, for his fertilizer and told the First National Bank of Opp that he wanted the money to pay for this fertilizer." At said time Redmon was indebted to the bank in the sum of $3,000, money advanced in connection with his farming operations previous to 1928. The bank agreed to furnish the money necessary to purchase the fertilizer, and to secure this additional indebtedness, as well as the indebtedness already existing, Redmon executed a mortgage to the bank, bearing date January 4, 1928, and filed for record January 9, 1928, maturing October 1, 1928. The mortgage recites that it was given in extension of and to better secure all prior notes and mortgages given by the mortgagor to the bank. It purports to convey all other property of the mortgagor, not specifically named therein, owned at the time the mortgage was executed, or at its maturity. It provides that

the mortgagor "agrees to hold all fertilizers and supplies bought by the mortgagor, in trust, as the property of the bank and subject to its order."

The record refutes the idea that there was any binding obligation on Redmon to purchase or on the farm bureau to furnish the fertilizer at the time Redmon applied to the bank for further credit. What Redmon did was to obtain a price on the fertilizer he proposed to buy and a list of the amount, quality, and kind; he submitted the list and price to the bank, stating that he wanted to get the fertilizer on the list, if the bank would furnish the money to pay for the fertilizer. The bank figured the amount of money necessary to purchase the fertilizer, added interest and Redmon's old debt to that amount, and took the mortgage above referred to as security for the entire indebtedness. The amount necessary to purchase the fertilizer was placed to Redmon's credit in the bank; Redmon checked the money out from time to time, as he desired, to pay for the fertilizer and other supplies.

On March 27, 1928, execution was issued on the judgment recovered by T. J. Perry & Son. The sheriff made a levy upon the fertilizer purchased by Redmon, as per his understanding with the bank. The bank filed a claim to the fertilizer levied on, accompanied by proper affidavit and bond, urging its claim on the mortgage above referred to. The trial court rendered judgment for plaintiffs in execution, and the bank, as claimant, brings the case here for review.

In Burns v. Campbell, 71 Ala. 288, our Supreme Court said: "So a mortgage of subsequently acquired property, especially by general terms of description, which is not the product, increase or accretion of something already owned by the mortgagor, amounts to nothing more than a mere agreement to give a further mortgage. It confers no specific lien on such after-acquired property"—citing several authorities. Christian & Craft Grocery Co. v. Michael et al., 121 Ala. 84, 25 So. 571, 77 Am. St. Rep. 30.

The mortgage, therefore, was ineffectual to convey the legal title to the fertilizer to the bank.

We are of the opinion, however, that a loan of money with which to purchase fertilizer under an agreement that the fertilizer will be held in trust by the borrower for the lender, subject to the order of the lender, gives the lender an equitable interest in the fertilizer subsequently purchased with the money, that prevails over the claim of an existing judgment creditor. Patapsco Guano Co. v. Ballard, 107 Ala. 710, 19 So. 777, 54 Am. St. Rep. 131; Abraham v. Carter, 53 Ala. 8; Hurst v. Bell & Co., 72 Ala. 336.

The judgment of the court below does not conform to our opinion of the principles of law controlling. It is reversed, and one here rendered for appellant claimant.

Reversed and rendered.