162 So. 551

## PRESTWOOD v. GANTT.
### 4 Div. 127.

Court of Appeals of Alabama.
June 25, 1935.

Powell, Albritton & Albritton, of Andalusia, for appellee.

RICE, Judge.

This is a trial of the right of property levied upon under a writ of attachment.

The sole question involved, and presented here, is as to whether or not the property was, for the purposes of this litigation, owned by Mrs. Jessie Prestwood Jones and Walter Lee Jones, partners doing business as the Prestwood Lumber Company—defendants in the attachment suit instituted by appellee's intestate—or by the appellant (claimant).

There is no question but that said property was at one time owned by the said defendants; and that, unless the title to same was efficaciously transferred to appellant (claimant) by a certain bill of sale executed by defendants prior to the levy of the attachment—but while appellee's intestate's claim was outstanding—said property was yet, for the purposes of this suit that of the defendants, and subject to the attachment lien.

All that we feel is necessary to be said is that we have carefully examined the said bill of sale, in the light of the testimony in connection therewith. And we are clear to the conclusion that, in so far as this suit is concerned, the same is void for more than one reason.

In the first place, it, pertinently here, purports to convey title to "about 1,012,000 feet of lumber located in Covington County, Alabama"; whether the lumber is the property involved in this suit, or not, no one can say—defendants owning other lumber in Covington county than that levied upon.

But in the second place, and more certainly, the bill of sale mentioned, in the light of the undisputed testimony, was, we think, and hold, within the purview of the provisions of Code 1923, § 8032.

The undisputed testimony of Mrs. Jessie Prestwood Jones was, among other things —not contrary thereto—that "the agreement was that the stuff (the lumber involved—we interpolate) was to be turned over to her until we could sell off the stuff"; and "we had to fix it where my mother would have some showing." Also, that "she did not pay us anything right at the time the paper was delivered." "I sold it to her in a way." "Prior to Jan. 2, 1930 (the date of the bill of sale), * * * the Prestwood Lumber Company sold and shipped this lumber from this yard and from other places. They continued to do that afterwards. We did not ship in her (claim-

ant's) name, but shipped it direct from Prestwood Lumber Company; * * * after this sale * * * we shipped lumber for my mother in the name of Prestwood Lumber Company. The checks came made in Prestwood Lumber Company's name."

And by Walter Lee Jones: "That was the security we gave her for this money."

Perhaps we have quoted enough of the testimony (though there is more, of a like nature) to indicate why it is that we conclude that the bill of sale was fatally ineffective. See Lewis v. Bank of Mobile, 204 Ala. 689, 87 So. 176; Gray & Dudley Hardware Co. v. Guthrie et al., 200 Ala. 6, 75 So. 318; Christian & Craft Grocery Co. v. Michael & Lyons, 121 Ala. 84, 25 So. 571, 77 Am. St. Rep. 30.

The case of Henley v. Bradshaw Mercantile Co., 220 Ala. 193, 124 So. 426, cited and relied on by appellant is not analogous, and the holding in same in no way militates against the conclusion we have reached. The trial court correctly gave, at appellee's request, the general affirmative charge; and the judgment is affirmed.

Affirmed.