## STEWART *vs.* KIRKLAND.

1. An assignment of accounts to be created in future vests an equitable interest in the assignee, which will be protected in a court of law, when sued upon in the name of the assignor for the use of the assignee, but not as against a debtor who without notice of the assignment has acquired a legal set-off.

2. When accounts to be created in future are conveyed by deed of trust, together with certain other personal property, the registration of the deed is not *constructive* notice of the assignment of the accounts. To prevent a set-off against them, the defendant must be charged with *actual* notice of their assignment.

ERROR to the Circuit Court of Madison. Tried before the Hon. L. P. Walker.

HUMPHREYS, for plaintiff in error.

ROBINSON, *contra.*

CHILTON, J.—The defendant in error brought his action of assumpsit for the use of Daniel K. Holmes, against Stewart, to recover upon an account for work and labor, &c., amounting to $60 87. Defendant below pleaded off-set and payment. There was a verdict and judgment against him. On the trial a bill of

Stewart v. Kirkland.

exceptions was sealed, from which it appears that the plaintiff below read to the jury a deed of trust executed by Kirkland & Holmes on the 30th Dec. 1846, by which the said Kirkland conveys to Holmes as trustee to secure the payment by the first day of Jan. 1848, of certain debts therein named, a few articles of personal property, and the deed then provides that the said Kirkland covenants to carry on his shop during the year 1847, for the benefit of the beneficiaries in said deed, and he conveys all the accounts created by the labor of the said Kirkland during that year, to said Holmes, who is authorized in default of payment of the notes secured, to proceed and collect and appropriate them to the purposes of the trust. This deed was acknowledged and recorded on the 28th Jan. 1847. The account sued on was for work done in the shop during the year 1847. The account which the defendant claimed as an off-set, was for the rent of the shop in which Kirkland had carried on his business for the year 1847, and for articles of clothing and the like, furnished him and his family during the same year, and which, by an understanding between Stewart and Kirkland, were to be paid for by work done in the shop. It appears that the shop in which Kirkland worked in 1847 belonged to Stewart. Upon this state of facts, the counsel for the defendant asked the court to charge the jury—

1. That so far as defendant's account was for necessaries and for shop rent, it was a good set-off.

2. That the probate of said deed was not proof of notice, so far as the conveyance of the maker's labor was concerned. Both these charges were refused, and the court instructed the jury, " that the notice of the deed being good as to one object, was good as to all."

No question is raised by the bill of exceptions as to the validity of the assignment of " all the shop accounts created by the labor of said Kirkland during the year 1847," but the counsel preferred to rest the defence upon the ground that Kirkland had the right to contract debts for articles necessary in the prosecution of his trade, and upon the want of notice. It may well be questioned, whether accounts to be afterwards created by the labor of a party can be the subject matter of such assignment. Be this, however, as it may, it is very clear that the assignment would vest but an equitable interest in the assignee, which the

courts of law would protect when sued upon in the name of the creditor for the use of the person to whom assigned. This protection will, however, never be afforded as against a defendant debtor, who without notice of such assignment has acquired a legal set-off.

In the case before us, the charge of the court, which makes the recording of the deed notice to Stewart, because there were articles of personal property conveyed by it which authorized it to be recorded, cannot be supported. If this deed had passed nothing but the future interest which the grantor might thereafter acquire in accounts, there is no statute requiring its registration.—McCain v. Wood, 4 Ala. 258. The law then would not impose on a person dealing with Kirkland upon the faith of his work being on his own account, the necessity of examining the records of the County Court to ascertain whether he had not assigned in advance of their creation, the accounts against those for whom he did work. To prevent a set-off in such case, the defendant must be charged with actual notice of the assignment, before he acquired the set-off; the registration of the deed is not sufficient, although it was properly recorded as to the personal property conveyed by it. As to the accounts, it was not required to be recorded, and consequently as to them, its registration does not amount to notice, but the party dealing on the faith of them, must have actual notice.—Baker v. Washington, 5 S. P. 142; Tatum v. Young, 1 Por. 298.

As this point must reverse the case, and will probably be decisive of it in the court below, we will express no opinion upon the question, rather indefinitely presented by the first charge asked.

Judgment reversed and cause remanded.