# Southern Railway Company *v.* Howell.

## *Action for Damages for Personal Injury.*

1. *Employer and employe; evidence; telegram.*—In an action by a brakeman against his employer, evidence as to the contents of a telegram to plaintiff, given to him by the conductor and signed by the train dispatcher, and stating that two cars were wanted at a certain point on the track and that the track was all "O. K." is admissible in connection with evidence as to the authenticity of the telegram and proof of its loss, to show that plaintiff, when injured, was acting in the scope of his employment, and as tending, by its assurance of a safe track, to acquit him of negligence.

2. *Same; damages; capacity of work before injury.*—As furnishing data for assessment of damages, in a personal injury case, evidence is admissible as to plaintiff's capacity, before the injury, to work and earn, though not in the immediate employment in which he was when injured.

3. *Employer's Liability Act: relating to track.*—To bring a case within subdivision 5 of section 1749 of the Code, making the employer liable to his employe for the negligence of a co-employe who has charge or control "of any part of the track of a railway," it is not essential that the track causing the injury should be finished and in charge of the regular section foreman; it is sufficient if it has reached such stage of construction as to become "the track of a railway," and has been adopted for use, though irregularly.

4. *Same; question for jury.*—Where there was evidence tending to show that the track in question, though unfinished, had been used every two or three days for fifteen or twenty days, that during that time the construction foreman had charge of the

[Southern Railway Company v. Howell.]

track for the purpose of building it, and keeping it in order while it was being operated, though at times it was in charge of his assistant; that the construction foreman worked at the track on the day of the accident, and that morning told the conductor of plaintiff's train the track was all right and that he could use it to place cars thereon. *Held*: In an action for damages for injuries caused by the dangerous condition of the track, the construction foreman's negligence was a question for the jury.

5. *Charge requiring special verdict as to separate counts.*—A charge that if the jury believe the evidence they must find for defendant under a certain count of the complaint, has a tendency to mislead the jury to believe that it is their duty to render a verdict with special reference to the particular count, and is not equivalent to a charge merely negativing a right to recover on that count.

6. *Contributory negligence; pleading and proof.*—Where a plea sets up one negligent act combined and coalescing with another as constituting contributory negligence, the defense presented by the plea is not established without proof of both facts.

7. *Contributory negligence defined.*—The sufficiency of the diligence of one charged with contributory negligence is measurable by the probable conduct of a person of ordinary prudence and judgment as it would have been under like circumstances.

8. *Contributory negligence of brakeman; failing to observe dangerous condition of track.*—Failure to observe the dangerous condition of a track may be negligence on the part of the person particularly charged with the duty of looking after the track's condition, though a like failure on the part of a brakeman on a train might not be.

9. *Same; assumed risks; obvious danger.*—Unless the dangerous condition of a track is obvious, or is understood by the injured employe, he cannot be said to have assumed the risk of a derailment caused thereby.

10. *Charge; abstract; argumentative.*—A charge which is argumentative and contains several propositions, some of which are abstract, is properly refused.

11. *Charge; qualifying special written charge.*—The oral qualification by the court of a given special written charge, though unauthorized, will not effect a reversal, where the charge, but for such qualification, would be bad.

[Southern Railway Company v. Howell.]

APPEAL from the City Court of Birmingham.

Tried before the Hon. CHAS. A. SENN.

Action by W. H. Howell, a brakeman, against the Southern Railway Company, to recover damages for personal injuries sustained by him.

The opinion states the material facts relating to the admission and exclusion of evidence.

The following special written charges were requested by the defendant and separately refused by the court, viz.: (1.) "If the jury believe all the evidence in this case, they must find a verdict for the defendant." (3.) "If the jury believe all the evidence in this case, they must a verdict for the defendant on the second count of the complaint." (4.) "If the jury believe all the evidence in this case, they must find a verdict for the defendant on the third count of the complaint." (7.) "The court charges the jury that if they believe from the evidence that the cross-tie which caused the derailment of the car was left at a safe distance from the track by the servants of the defendant, and that it was subsequently placed in dangerous proximity thereto by the employes of the mining company operating the mines at that point, and not by the employes of the defendant, and that this caused the accident to plaintiff, then they must find a verdict for the defendant." (8.) "If the jury believe from the evidence that the cross-tie causing the derailment of the train was in the clear of the cars passing on the track, and that the employes of the mining company, in removing slate or refuse from the track buried one end of it, and raised the other end up so that it would strike the car, and that this was the cause of the accident and injury to plaintiff, then they must find a verdict for the defendant." (11.) "The court charges the jury that if they believe from the evidence that plaintiff was riding on the car with his leg over the side of the car, on the outside thereof, and that the injury to him resulted in whole or in part therefrom, then they must find a verdict for the defendant." (12.) "The court charges the jury that the evidence in this case shows that plaintiff was riding the car with his leg

41c

on the outside thereof, and the law is that in assuming this position he assumed the risks incident thereto, and cannot recover in this action." (13.) "The court charges the jury that it is negligence *per se* for a brakeman to ride on a car with his leg hanging outside of the car, and if he is injured in that position by reason thereof, then he cannot recover in an action for damages for such injury." (15.) "If the jury believe from the evidence that plaintiff saw the cross-tie twenty yards ahead, and failed to signal the engineer or give him warning of the obstruction, and that this contributed proximately to his own injury, then they must find a verdict for the defendant." (17.) "The court charges the jury that if they believe from the evidence that plaintiff saw the cross-tie twenty yards ahead, and that in his judgment it was clear of the cars, but that he was mistaken in his judgment, and that this mistake of judgment on his part caused him to fail to warn the engineer, and that this contributed proximately to his own injury, then they must find a verdict for the defendant." (18.) "If the jury believe from the evidence that plaintiff saw the cross-tie twenty feet ahead, and failed to signal the engineer, or give warning of the obstruction, and that this contributed proximately to his own injury, then they must find a verdict for the defendant." (19.) "The court charges the jury that J. A. Honeycutt was not in charge or control of the railroad track or of the roadbed of defendant at the place where this accident occurred, at the time of the accident." (22.) "I charge you, gentlemen of the jury, that a brakeman or switchman, even though in discharge of his duties, and even though ordered by his superior to do so, has not the right to assume a position, or go into a place wherein and whereby he incurs an obvious danger, and if he does so and thereby suffers injury, he has only himself to blame. Furthermore, I charge you that there are certain places on a railroad car, engine or train, which are known to be extra dangerous, such as the pilot of an engine, and there are certain positions or attitudes on

such engine, train or car known to be extra dangerous, such as where the brakeman sits on the brake beam of a car in a train with his legs hanging down between cars, and if one unnecessarily and voluntarily goes into such a place or occupies such a position, and is thereby injured, he has no one to blame but himself. I charge you further that the particular position occupied by the plaintiff in this case, namely, that of sitting on the car with his leg hanging over the corner and down the side of the car, was voluntarily assumed by him. Was it necessary? He claims it was, the defendant denies this. You are to determine that question by the evidence. And did this particular attitude of sitting with his leg hanging over the car expose him either to an obvious hazard, or to an extraordinary hazard of which he ought to have been apprised? If so, your verdict should be for the defendant, for it is not disputed that but for this position or attitude of the plaintiff he would not have been injured." (29.) "The court charges the jury that there is no evidence in this case tending to show that Honeycutt was guilty of any negligence whilst in the exercise of his superintendence of the repairs or maintaining of the railroad track, which contributed proximately to the injury of the plaintiff." (30.) "If the jury believe from the evidence that the plaintiff was negligent in riding with his leg outside of the car, and this contributed proximately to his own injury, then they must find a verdict for the defendant." (31.) "The court charges the jury that if they believe from the evidence that the plaintiff was guilty of negligence in not perceiving the obstruction in dangerous proximity to the track, or that he saw the obstruction and was negligent in not giving proper signal to the engineer to stop or check the train, and that this contributed proximately to his own injury, then they must find a verdict for the defendant."

The court gave, at defendant's request, charge 23, as follows: "If the jury believe from the evidence that the plaintiff, when injured, was riding on the car in a sitting position, with his leg hanging over the end or side

of the car, and that this position was both voluntarily and unnecessarily assumed and maintained by him, and that but for his occupying this position he would not have been injured, your verdict must be for the defendant."

The court then stated to the jury in reference to charge 23 as follows: "Gentlemen, in giving this charge I want to call your attention to one or two words I think might mislead you (reading charge). That is all, but I call your attention to what I told you a while ago, 'voluntarily and unnecessarily,' of course if he had some other place to ride equally as good and safer, why, then, it would not be necessary, and if it was obviously dangerous it was not necessary. It is never necessary to a man to do an obviously dangerous thing. So the words 'voluntarily and unnecessarily' are to be taken with the explanation I have given you."

To the qualifying of said charge, No. 23, as well as to the refusal of the several charges requested by defendant, separate exceptions were reserved by defendant.

From a verdict and judgment for plaintiff defendant appeals.

SMITH & WEATHERLY, and E. D. SMITH, for appellant. The court erred in allowing Howell to testify as to the contents of the telegram from Moody.—*Am. Union Tel. Co. v. Daughtery,* 89 Ala. 191; *McCormick v. Joseph,* 83 Ala. 401; *Pensacola R. R. Co. v. Shafer,* 76 Ala. 233.

The court erred in orally qualifying written charge No. 23.—Code, § 3328; *Hooper v. State,* 106 Ala. 41; *Lyon v. Kent,* 45 Ala. 656; *Edgar v. State,* 43 Ala. 45.

In support of charges 11, 12, 13, 22 and 30, we refer to *Andrews v. R. R. Co.,* 99 Ala. 438; *Davis v. Western Ry. of Ala.,* 107 Ala. 626; *Warden v. L. & N. R. R. Co.,* 94 Ala. 277.

J. T. GLOVER, L. J. MARX and LANE & WHITE, *contra.* Plaintiff had a right to assume that the track was clear and free from obstruction, and was not guilty of

negilgence in not discovering it.—*L. & N. R. R. Co. v. Bouldin,* 121 Ala. 197; *Eureka Co. v. Bass,* 81 Ala. 200; *LaFayette Ry. Co. v. Tucker,* 124 Ala. 514; *H. A. & B. Ry. Co. v. Swope,* 115 Ala. 305.

Defendant was bound to prove both facts alleged in the plea as constituting contributory negligence.—*B. R. & E. Co. v. Baylor;* 101 Ala. 488; 13 So. Rep. 793.

The qualification of written charge No. 23 will not cause a reversal.—*Franke & Muth Co. v. Riggs,* 93 Ala. 255.

SHARPE, J.—This action is brought under the Employer's Liability Act (Code, § 1749), to recover for injuries received by plaintiff, who was a brakeman on defendant's train, by the derailment of a coal car which, with other coal cars, was being pushed by an engine towards a coal tipple and along an unfinished track leading from the main line to the tipple. At the time of the accident plaintiff was assigned to the duty of giving signals from the front of the train to the engineer, and in performing that service he sat on the front of the end car with his legs outside the car's bed. While in that position the end or "grease box" of the car axle caught on the upward projecting end of an unused cross-tie which lay outside the rails with its other end imbedded in earth or refuse from a mine, and the car was thereby thrown from the track and against another car which was standing on an adjacent track, and plaintiff's leg was crushed in the collision.

The defendant pleaded the general issue and specially that plaintiff was guilty of negligence which contributed to his injury in that "he was riding on the car in front, for the purpose of watching for obstructions on the track, and while so riding negligently rode with his leg over the side of the car and on the outside, and failed to notify anyone on the train that the obstruction mentioned in said complaint was on or in dangerous proximity to the track as it was his duty to do in the premises."

While being examined as a witness plaintiff testified in substance that before the train went on the new track and on the same morning he received instructions from the conductor by a telegram "which stated that they wanted two cars placed at No. 4 drift and that the track was all O. K. The telegram being signed by Mr. Moody, the train dispatcher." On defendant's objection and motion this testimony was ruled out, and plaintiff then testified with reference to his loss of, and his inability to produce the telegram. "Thereupon [quoting from the bill of exceutions] defendant objected to the witness testifying as to the telegram, upon the ground that the evidence was illegal, irrelevant and immaterial and was not the best evidence, and that there was no evidence to show the telegram had been signed by Mr. Moody; nor was there any evidence to show who Mr. Moody was, and upon the ground that the telegram spoken of by the witness was not the original telegram, but, if anything, was a mere copy." The court overruled the objection, and the witness was allowed without further objection to testify "that the telegram spoken of was handed to him by the conductor of his train, who said 'here is your work order, the track is all right,' and that the telegram was signed by Mr. Moody, the train dispatcher, and instructed them to place two cars at No. 4 drift, and stated that the track on which the accident happened was all O. K.; that he saw the operator at Coalburg hand the telegram to the conductor." The grounds of the objection did not go to the sufficiency of the proof relating to the loss of the paper containing the message, and were each untenable. Those going to the authenticity of the telegram were met by the testimony above quoted given subsequent to the objection. That any copy of the telegram was made does not appear from the evidence or from judicial or common knowledge of methods used in the business of train dispatching. The contents of the telegram and the fact of its delivery to the plaintiff were relevant as tending to show that plaintiff when injured was acting in the scope of his employment, and as an assurance

of the track's good condition, it had a tendency to acquit him of negligence.

As furnishing data for the assessment of damages it was proper for the plaintiff to prove his former capacity to work and earn.—*Seaboard Mfg. Co. v. Woodson*, 98 Ala. 378. For that purpose evidence of what he earned while in the service of the Birmingham Southern Railroad Company was admissible. No good reason exists for limiting such proof to earnings in the immediate employment wherein the injury is received.

One species of negligence made actionable by the act referred to is that of any person in the service of the employer who has charge or control "of any part of the track of a railway." To bring a case within this provision it is not essential that the track occasioning the injury should be finished or in charge of the regular section foreman. It it has reached such stage of construction as to become "the track of a railway" and has been adopted for use, though irregularly, negligence of the employe in charge of it, regardless of whether he be what is known as a section foreman, or a construction foreman, is chargeable to the employer. Here there is evidence tending to show the track in question, though unfinished, had been used for hauling coal every two or three days for fifteen or twenty days. That during that time Honeycutt, the construction foreman, had charge of the track for the purpose of building it and keeping it in order while it was being operated, though at times when he was absent, it was in charge of his assistant; that Honeycutt worked at the track on the day of the accident, and that morning told the conductor of plaintiff's train that the track in question was all right and that he could use it to place cars at the tipple. This evidence was not all free from contradiction, but it placed exclusively within the province of the jury the question of whether Honeycutt was in charge of the track and was negligent in such way as to bind the company in this action, by his failure to discover, or to remedy after discovery, the danger attending the position of the cross-tie, and this whether

the tie was placed in that position by employes of the mining company or not, provided it had remained so long enough to have enabled whoever was in charge of the track to have discovered the tie and the danger attendant upon its position which latter question also was for the jury. In all or some of these inquiries defendant's charges 1, 4, 7, 8, 19 and 29 would each have invaded the jury's province.

A good ground for refusing charge 3 which is applicable also to charge 4 is that it implies and might have misled the jury to believe it was their duty to render a verdict with special reference to the particular count mentioned, and such a verdict the law did not require. It is not equivalent to an instruction merely negativing a right to recover on that count.—*Mobile & Ohio R. R. R. Co. v. George*, 94 Ala. 199; *L. & N. R. R. Co. v. Sandlin*, 125 Ala. 585; *Dorsey v. The State*, 134 Ala. 553.

In plea 2 plaintiff's act of riding with his leg outside the car is not averred to have been of itself negligence contributing proximately to his injury, but it is that act combined with, and coalescing with, a negligent failure on his part to give notice of the obstruction which is set up as constituting contributory negligence. The negligent failure to give such notice was by the averments made material to be proved and without a finding of that fact the defense presented by the plea could not have been established. See *King v. People's Bank*, 127 Ala. 266; *Bienville Water Supply Co. v. City of Mobile*, 125 Ala. 178; *Birmingham, etc., Co. v. Baylor*, 101 Ala. 488; *Highland, etc., R. Co. v. Dusenberry*, 94 Ala. 413; *Armstrong v. Montgomery St. R'y Co.*, 123 Ala. 123; *Louisville & Nashville R. Co. v. Mothershed*, 97 Ala. 261. Refused charges 11, 12, 13, 23, 30 and 31—the last because of the alternate character of its averments—ignored the necessity of such finding by the jury.

Another objection to charges 11, 12, and 13, and which applies to charges 15, 17 and 18, is that they each improperly assumed that on the facts hypothesized therein,

·contributory negligence was imputable to the plaintiff as a legal conclusion. The sufficiency of his diligence is measurable by the probable conduct of a man of ordinary prudence and judgment as it would have been under like circumstances, and whether by that test he was at fault either in respect of his position on the car, or of his failure to perceive and give warning of the danger of striking the cross-tie was for the jury and not for the court to determine. Failure to recognize the height of the cross-tie and the probality of its touching the car, may have been negligence on the part of the person charged particularly with the duty of looking after the track's condition, though a like failure on the part of one occupying the position and having the duties of a brakeman might not be negligent. See *Magee v. North Pac. Coast R. Co.*, 78 Cal. 430, 12 Am. St. Rep. 69.

·Charge 22 contains several propositions, some of which are abstract, there being no evidence to which they are referable. That charge as a whole is improperly argumentative.

Unless the danger of derailment by the projecting tie was obvious to, or was understood by, the plaintiff, ·he could not have been held to have assumed the risk of such derailment as was assumed by refused charge 12. *Osborne v. Alabama Steel & Wire Co., ante,* p. 571.

·Given charge 23 invaded the jury's province and should have been refused. The court had not the right to qualify it but the qualification placed on it by the court in its oral charge was not otherwise improper, and since the qualification amounted only to a correction of a bad written charge, it is not ground for reversal.—*Planters, etc., Co. v. Thurston,* 103 Ala. 255.

No reversible error appearing, the judgment will be affirmed.