# Ashe Carson Co. *v.* The State.

*Proceeding to Collect Taxes.*

1.  *Taxation; liability of leasehold interest for taxes.*—The lease
    for turpentine purposes of all the timber fit for such pur-
    poses on a specified number of acres of land, whereby the
    lessees acquire the right to take turpentine from standing
    trees, and to have egress from and ingress to the said land
    and the use of necessary wood for the purpose of procuring
    the turpentine and marketing it, etc., is not a special pos-
    sessory interest in the land itself, within the meaning of the
    statute which provides that every separate or special inter-
    est in any land which is owned by a person other than the
    owner of the surface or soil is subject to taxation, (Code, §
    3911, sub-div. 1); and, therefore, such leasehold interest in
    the land is not liable for taxes.

APPEAL from the Circuit Court of Covington.

Tried before the Hon. JOHN P. HUBBARD.

The proceedings in this case were had under the back
tax commission law, whereby it was sought to subject to
taxation the leasehold estate of appellant in 9,138 acres
of land; the timber on said land having been leased by
the appellant for turpentine purposes, and the proceed-
ing originated in the commissioner's court of Covington
county, and the cause being decided adversely to the
State, an appeal was taken to the circuit court where the
case was tried. The facts of the case necessary for an
understanding of the decision on the present appeal are
sufficiently stated in the opinion. From a judgment in
favor of the State the present appeal is prosecuted; and,
the appellant assigned as error the giving of the general
affirmative charge requested by the State, and the re-
fusal of the court to give the general affirmative charge
requested by the defendant.

POWELL & ALBRITTON and C. E. HAMILTON, for appel-
lant.—The main proposition to be decided in this case

[Ashe Carson Co. v. The State.]

is whether the interest acquired by appellant under the lease from the Bonifays was such a separate or special interest as would make appellant liable for taxes on the same under subdivision 1 of § 3911 of the Code of 1896. It is a matter of common knowledge that the use of timber for turpentine purposes does not take from the real estate any portion of the soil, nor does it take from it any of the trees, the sole object being to extract from the trees the crude turpentine leaving the trees and the soil to the original owner after the expiration of the lease. We cannot see how the use of the timber for these purposes can be construed as an interest in the land or in the timber either. Under the lease the land and timber still remained the property of the lessor and the corpus of the realty was just as much the same as it would have been had appellant leased the lands for farming purposes. The general rule is that in the absence of a covenant on the part of the lessee to pay taxes, a tenant for years is not compelled to pay them.—*Freeman v. State,* 115 Ala. 212; 12 Am. & Eng. Encyc. of Law, 1023; Cooley on Taxation, 396-400.

MASSEY WILSON, Attorney General for the State.— Growing timber upon land is, for many purposes, a part of the land.—*Milliken v. Faulk,* 111 Ala. 658. The right to enter upon land and cut and remove the timber is a special interest in land, subject to taxation.—*Freeman v. The State,* 115 Ala. 208; *Sullivan v. The State,* 117 Ala. 214. Every separate or special interest in any land, such as mineral, timber, or other interest, when such interest is owned by a person other than the owner of the surface or soil, is taxable.—Code, 3911, Sub. 1. Where different persons own separate rights in the same land, their interests should be separately assessed for taxation.—Cooley on Taxation, (2 ed.), 366, *et seq.; Coal Company v. Baker,* 135 Ill. 545.

HARALSON, J.—As stated by the appellant's counsel in brief, the main proposition in this case is, whether the interest acquired by appellant under the lease from the Bonifays was such a separate and special interest in

land as would make appellants liable for taxes on the same under subdivision 1 of section 3911 of the Code, which provides that "Every separate or special interest in any land, such as mineral, timber, or other interest, when such interest is owned by a person other than the owner of the surface or soil," is subject to taxation.

The defendant below, appellant here, on the 18th December, 1900, leased from R. A. and R. H. Bonifay, for turpentine purposes, all the pine timber fit for such purposes, on 9,180 acres of pine lands,—which lease was to terminate on the 1st of January, 1911,—whereby defendant had the right to enter on said lands, when and as they wished, and box, for obtaining turpentine, pine trees thereon, measuring ten inches in diameter at the butt, with the right and privilege of constructing and maintaining all rights of way, dirt roads, tram roads and railroads upon said lands necessary for the proper manufacture, selling and hauling of the turpentine made, raised, bought, sold or handled by them; and also to construct and maintain such still locations as they might deem necessary; to have free use of all necessary wood, for their turpentine business; to erect for their use all necessary buildings and machinery on said lands, the buildings, at the end of the lease, to be the property of the lessors, and the machinery the property of the lessees, etc., etc.

The defendant pleaded the general issue, and also set up by special plea that the property named in the complaint and assessment was not subject to taxation, and that defendant had no taxable interest in said property. Issue was joined on the pleas and verdict rendered for the State, the jury finding the taxable value of the leasehold interest to be $7,000. Judgment was rendered against the defendant for the costs.

The statute above quoted, under which it is claimed the State has the right to tax the interest the lessees acquired under their lease as an interest in land, is one which must be strictly construed against the State. The purpose of the statute was to tax the ownership of the land, and when the title to some substantial part of the land is vested in one person, and the general title is

vested in another, the interests are taxable separately. It does not extend to a person who has a mere right to go upon land of another to derive some profit therefrom. Construing the statute most strictly against the State (Cooley on Taxation, 266), it would seem that the right which was given to the lessees by the lessors, under their contract to take crude turpentine from standing trees, was not a special possessory interest in the land itself within the meaning of the statute.—*Kennedy S. & C. Co. v. Sloss I. & S. Co.*, 137 Ala. 401. The turpentine was the only thing to be acquired by the lessees from the timber and land. Under the lease the land and timber remained the property of the lessors. The sole object of the lessees in entering into the contract was to extract from the trees the crude turpentine, as a product from the land, leaving the trees and the soil to the lessors, the owners of the land, after the expiration of the lease.

The court erred in giving the general charge for the State, and in refusing a like charge for the defendant.

Reversed and remanded.