(102 So. 901)

**STATE ex rel. BLUE v. STILES, Judge of Probate, etc.   (6 Div. 242.)**

(Supreme Court of Alabama.   Jan. 28, 1925.)

Taxation ⬤�þ353½, New, vol. 14A Key-No. Series—Recording tax based on value of property conveyed without deduction for mortgage.

Under Gen. Acts 1923, p. 318, tax on deed admitted to record is based on value of property conveyed without deduction for mortgage, the proviso against construction of act to·require payment of privilege tax on mortgages, deeds, etc., with vendor's liens being mere precautionary measure, suggested in Governor's message, which should be considered in construing it, to obviate double tax on vendor's lien deeds subject to like tax under Gen. Acts 1919, p. 420.

Appeal from Circuit Court, Jefferson County; Romaine Boyd, Judge.

Petition of the State of Alabama, on the relation of J. A. Blue, for mandamus, to Hon. J. P. Stiles, as Judge of Probate, to require the filing and recording of a deed. From a judgment dismissing the petition, relator appeals. Affirmed.

E. N. Hamill, of Birmingham, for appellant.

The only tax due was upon the cash consideration of the deed. Acts 1923, p. 318. Mandamus is the proper remedy. Harlan v. State, ex rel. Clark, 136 Ala. 150, 33 So. 858.

Harwell G. Davis, Atty. Gen., and A. A. Evans, Asst. Atty. Gen., for appellee.

The value of the property determines the amount of tax to be paid on filing deed. Acts 1923, p. 318; Barnes' Fed. Code, 1919, 1924, p. 626.

GARDNER, J.   Appellant, J. A. Blue, purchased certain real estate in Birmingham, the value of which was $48,200. The property at the time of the purchase was subject to a mortgage indebtedness of $25,000, which mortgage had been duly recorded. Said Blue paid $10,000 in cash, and, for the balance of the purchase price which he was to pay the vendor, he executed a mortgage on the property in the sum of $13,200. This mortgage was also duly recorded. Upon these two mortgages the tax known as the mortgage tax had been paid. Upon offering his deed for record, Blue tendered the sum of $10 as in full payment of the "deed tax" required under the provisions of the act of September 14, 1923, entitled:

"An act to impose a license or privilege tax on all deeds, bills of sale, and other instruments of like character admitted to record in the probate offices of this state." Gen. Acts 1923, p. 318.

The probate judge declined to receive the deed for record upon the ground the sum tendered was insufficient.   The purchaser then instituted this mandamus proceeding to compel its acceptance.   Upon consideration of the cause, the circuit court ruled in accordance with the ·probate judge, and dismissed the petition, from which judgment this appeal is prosecuted.

It is conceded by the state that mandamus is the appropriate remedy, and we pass to a consideration of the meritorious question in the cause, which involves a construction of the above noted act in reference to the question here presented.

In the instant case appellant purchased the entire interest of the owner in the whole of the property, the valuation of which is shown by the petition to be the sum of $48,-200. The insistence that $10 only is due on the "deed tax" is based upon the assumption that from this valuation is to be 'deducted the full amount of the two mortgages on record. Such is the rule under·the federal statute taxing recorded deeds, which expressly provides that the value of any lien or incumbrance on the property is to be excluded in ascertainment of the value of the property conveyed. Barnes' Federal Code, 1919–1924, Cum. Supp. page 626.

In the statute here under consideration, however, no such provision is found. Under our statute, in such a case as here presented, the tax is fixed at 50 cents for each $500 in value of the property conveyed, or fractional part thereof. The basis for the ascertainment of the tax in such a case is the value of the property conveyed, and no provision is made for any deduction to be made on account of any existing mortgage. So far as the body of the act is concerned, this much is plain, and needs no elaboration. The argument of appellant rests for support, however, upon a proviso found near the close of the act, which reads as follows:

"Provided, however, that this act shall not be so construed or enforced as to require the payment of privilege tax herein provided' on mortgages; deeds of trust or other instruments in the nature of a mortgage or deeds or other instruments with vendor's lien except as to that part of the purchase price, which is paid in cash or other articles of value and which pay no other· privilege tax for recording."

In the original act this proviso read:

"Provided, however, that this act shall not be so construed as to require the payment of the privilege tax herein provided on mortgages, deeds of trust or other instruments in the nature of a mortgage except deeds with vendor's liens."

Its present form was suggested by amendment offered by the Governor, wherein, in his message to the House (which should be

here considered, 25 R. C. L. p. 1037) suggesting the present amended form of this proviso, he said:

"The only objection I have to this bill is that in its present form, it is susceptible of imposing a double tax on vendor's liens." Volume II, House Journal 1923, page 2325.

By a reference to the original form of this proviso, wherein appears the concluding words, "except deeds with vendor's liens," it is seen the Governor's message was well founded, for, under the existing law as to mortgage taxes, such vendor's lien deeds were subject to like recording tax fee as mortgages. Gen. Acts 1919, p. 420. The amendment offered by the Governor, therefore, was to obviate a double tax on deeds containing vendor's lien. The fact that the proposed amendment went beyond its expressed purpose, and gave to sales with vendor's liens some advantage over mortgage sales transactions, doubtless escaped attention. for in sales,, when deeds are executed upon cash consideration in part and the remainder secured by vendor's lien, the deed tax, under the proviso as thus amended, is based upon the cash price paid, and not the value of the property conveyed, and the mortgage tax would be due to be paid upon the amount of deferred payment secured by the vendor's lien. But, however this may be, the proposed amendment was clearly only intended as applicable to cases of vendor's liens, and, as to mortgages, the proviso remained unchanged and as originally drafted. The language of the amendment to the proviso cannot therefore logically be extended so as to include mortgages within its provision.

We cannot, therefore, accord to the language of this proviso the meaning insisted upon, to the effect that such mortgage indebtedness is to be deducted from the basis of valuation of the property conveyed. It is not so stated, and, had such been the legislative intent, its statement would have been a very simple matter, as demonstrated in the federal statute. The office of a proviso to an act has been said to be—

"either to except something from the enacting clause, or to qualify or restrain it generally, or to exclude some ground of misinterpretation of it as extending to cases not intended to be brought within its operation." 25 R. C. L., p. 984.

We are of the opinion the proviso here in question comes within the latter class, intended as a matter of precaution to exclude some ground of misinterpretation, so that the act would not be so construed as to include cases not meant to be brought within its influence.

This precautionary proviso was doubtless thought wise, in view of the opening words of the act:

"No deed, bill of sale or other instrument of like character which conveys any real or personal property within this state, or which conveys any interest in any such property," etc.

A proviso of similar character was thought proper in the federal act above referred to, which contains the concluding sentence: "This subdivision shall not apply to any instrument or writing given to secure a debt." The proviso here in question, therefore, was but a precautionary measure to prevent any construction which would impose upon an instrument in the nature of security for a debt this "deed tax."

It results, therefore, that appellant was due the tax based upon the confessed valuation of the property conveyed of $48,200, and the trial court correctly ruled in dismissing his petition.

Let the judgment be affirmed.

Affirmed.

All the Justices concur.