(106 So. 500)
STATE ex rel. HAMILTON v. WILLIAMS, Probate Judge. (1 Div. 399.)

(Supreme Court of Alabama. Dec. 17, 1925.)

**1. Vendor and purchaser ⬅254(1)—"Vendor's lien" defined.**

A "vendor's lien" is implied by law, and is an equitable right to subject land in equity to payment of purchase price.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Vendor's Lien.]

**2. Taxation ⬅105½—Assignment of vendor's lien held not subject to recording tax; "chose in action;" "bill of sale."**

Assignment of vendor's lien is not subject to recording tax under Gen. Acts 1923, p. 318, which applies only to instruments conveying real or personal property or some interest

therein, in view of Code 1923, § 6870; such assignment being in nature of assignment of a chose in action, and is not a "bill of sale" within statute.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Bill of Sale; Chose in Action.]

Appeal from Circuit Court, Mobile County; C. A. Grayson, Judge.

Petition of the State of Alabama, on the relation of Henry C. Hamilton, for mandamus to Price Williams, as Judge of Probate of Mobile County. From a judgment on demurrer, relator appeals. Reversed and remanded.

Petition for mandamus to require the judge of probate to accept for record the instrument made exhibit to the petition, which is as follows:

"State of Alabama,        County of Mobile.

"For and in consideration of the sum of one dollar and other valuable consideration to me in hand paid by Henry C. Hamilton, I, Pearl Agnes Laurendine Owens, do hereby assign and set over unto the said Henry C. Hamilton all of my right title and interest in and to a certain vendor's lien for three hundred ($300.00) dollars, reserved in the deed dated March 27, 1925, and recorded in the probate records of Mobile County, Alabama, in Deed Book No. 204 N. S. pages 495-6, executed by Pearl Agnes Laurendine Owens and H. M. Owens, her husband, to Mabel B. Persons.

"In witness whereof, I have hereunto set my hand and seal this the 20th day of June, 1925.

"Pearl Agnes Laurendine Owens. [Seal.]"

It was alleged that respondent refused to so record the instrument upon the ground that petitioner would not also pay the privilege tax of 50 cents claimed to be due under the provisions of the Act of 1923 (Gen. Acts 1923, p. 318). Demurrers were filed to the petition to the effect that the instrument was such as required a payment of the privilege or license tax required by said act. The demurrer was sustained.

Gordon & Edington, of Mobile, for appellant.

The transfer of a right to a claim cannot be construed to be a transfer of real or personal property within the meaning of Acts 1923, p. 718.

Harwell G. Davis, Atty. Gen., A. A. Evans, Asst. Atty. Gen., and Lyons, Chamberlain & Courtney, of Mobile, for appellee.

The instrument offered is a bill of sale or in the nature of a bill of sale and subject to the payment of the tax as a condition to its admission to record. Bouvier's Law Dict. (3d Ed.) 362, 2576; Code 1923, § 2 (8); State ex rel. Blue v. Stiles, 212 Ala. 468, 102 So. 901.

GARDNER, J. The instrument tendered for record is an assignment of a vendor's lien. The deed which forms the basis for the lien was executed in March, 1925, and duly recorded, and, presumably, the mortgage tax due thereon has been paid.

[1] A vendor's lien is implied by law (Kyle v. Bellenger, 79 Ala. 516), and it is an equitable right to subject the land in equity to the payment of the purchase price (39 Cyc. pp. 1787, 1788). "After conveyance, the lien of the vendor is a mere equitable charge, without any estate in the lands, * * * a mere creation of equity." Sykes v. Betts, 87 Ala. 537, 6 So. 428; Hester v. Hunnicutt, 104 Ala. 282, 16 So. 162.

No question is raised as to whether or not this instrument is of such a character as comes within the influence of our recording statute (section 6887, Code 1923), as the demurrer only takes the point that it is such an instrument as requires the payment of the privilege tax for recordation, as provided by General Acts 1923, p. 318. We therefore confine the decision to this latter question.

[2] The statute begins with the following language:

"No deed, bill of sale or other instrument of like character, which conveys any real or personal property within this state, or which conveys any interest in any such property, shall be received for record unless the following privilege or license tax shall have been paid upon such instrument before the same is offered for record."

This statute was in part construed in the recent case of State ex rel. Blue v. Stiles, Judge of Probate, 212 Ala. 468, 102 So. 901, but the matter then decided is not here involved. We think, however, the language of the statute clearly indicates that for the imposition of this privilege tax the instrument offered for record must convey real or personal property or some interest therein. The vendor's lien here assigned is not an estate or interest in land, but a mere equitable charge, a right in equity to subject the land to the payment of the purchase price. It is in the nature of an assignment of a chose in action. By the provisions of section 6870, Code of 1923, choses in action are not included in the words "personal property" in that particular article of the Code.

We cannot agree, as suggested in one of the briefs of counsel for appellee, that the instrument here in question is a "bill of sale" within the meaning of the above cited statute. It is not a sale of an interest in property, real or personal, within the language of this act, but a mere transfer of a right to charge the real estate for the payment of the purchase price. We are persuaded this act is not to be construed as embracing an instrument of this character. The demurrer taking the point to the contrary should have been overruled.

Counsel for appellant appear to assume in their argument that the question here presented is the same as if there had been

a transfer of a real estate mortgage by the mortgagee. But we think that presents a different question, and one which will only be determined when reached in due course.

Let the judgment be reversed and the cause remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.