(109 So. 106)

## GARRISON, Judge of Probate, v. HAMLIN.
### (7 Div. 645.)

(Supreme Court of Alabama.   May 27, 1926.
Rehearing Denied June 17, 1926.   Opinion
Rewritten June 23, 1926.)

1. **Assignments** ☞46—**Chattel mortgages** ☞
204—**Sales** ☞475—**Written sale and assignment of conditional sale contract and chattel mortgage may be recorded, though law does not authorize registration of transfers of choses in action (Code 1923, § 6855).**

Law does not authorize registration of transfers of choses in action, but written sale and assignment of conditional sale contract of personalty and chattel mortgage may be recorded under Code 1923, § 6855, as assignment of debt and conditional interest in property securing it.

2. **Taxation** ☞105½—**Assignments of conditional sale contract and chattel mortgage held not sales of personalty or interest therein within statute requiring payment of license tax before registration (Gen. Acts 1923, p. 318; Code 1923, §§ 6870, 9026).**

Written assignments of conditional sale contract and chattel mortgage *held*, in view of Code 1923, § 6870, not sales of personalty or interest therein within Gen. Acts 1923, p. 318, requiring payment of privilege or license tax before registration, but mere transfer and sale of debts and instruments evidencing and securing them, with right to charge personalty with payment of debts, as payment thereof will divest title passing by instruments under section 9026.

3. **Chattel mortgages** ☞206—**Sales** ☞475.

Assignee of conditional sale contract and chattel mortgage stands in vendor's and mortgagee's shoes with same rights and powers.

Sayre, J., and Anderson, C. J., dissenting.

Appeal from Circuit Court, Clay County; E. S. Lyman, Judge.

Petition of J. M. Hamlin for mandamus to E. J. Garrison, as Judge of Probate. From a judgment granting the writ, respondent appeals. Affirmed.

Harwell G. Davis, Atty. Gen., and A. A. Evans, Asst. Atty. Gen., and J. J. Cockrell, of Lineville, for appellant.

There is no duty upon the probate judge to file for record a paper containing an instrument which is not subject to record. Maybury v. Grady, 67 Ala. 159. If the instruments be recordable, they may be admitted to record only upon payment of the filing tax. Acts 1923, pp. 318, 319.

A. L. Hardegree, of Ashland, for appellee.

There is no provision for recording a transfer or assignment, and hence no privilege tax may be exacted. Carter v. Mizell, 214 Ala. 182, 106 So. 846; Stewart v. Kirkland, 19 Ala. 162; Monroe v. Hamilton, 60 Ala. 226; State

ex rel. Hamilton v. Williams, 214 Ala. 89, 106 So. 500.

MILLER, J. This is an application for writ of mandamus by J. M. Hamlin against E. J. Garrison, as judge of probate of Clay county, Ala., to require him to file and record two instruments—one a contract of conditional sale of an automobile, and the other a chattel mortgage. The amount due on the conditional sale contract was $50, and the debt secured by the chattel mortgage was less than $500. The former was executed by K. R. Jackson to H. T. Beers, and Beers sold and duly transferred it in writing to A. Z. Ford, and Ford sold and duly transferred it in writing to J. M. Hamlin. The chattel mortgage was executed by A. P. Boyer to A. Z. Ford, and Ford sold and duly transferred it in writing to J. M. Hamlin.

This is a friendly proceeding under an agreed statement of facts, as is permitted by section 6095, Code of 1923. The petitioner owns the two instruments by purchase and written transfer. The judge of probate refused to file and record these instruments because the petitioner, J. M. Hamlin, would not pay the privilege or license tax of 50 cents each for each assignment of the conditional sale contract, and 50 cents for the one assignment of the chattel mortgage. Hamlin offered to pay all fees, taxes, and charges on these instruments, except the amounts claimed by the judge of probate as a privilege or license tax to be due on the assignments and transfers of the instruments under the privilege or license tax act of 1923. Page 318, General Acts 1923. The trial court granted the petition, directed the judge of probate to file and record the instruments, without requiring the petitioner, Hamlin, to pay any privilege or license tax on the sale, transfer, and assignment of the instruments. The judge of probate appeals from that judgment, and it is the error assigned and argued.

That part of the act in question applicable, reads as follows:

"No deed, bill of sale or other instrument of like character which conveys any real or personal property within this state, or which conveys any interest in any such property, shall be received for record unless the following privilege or license tax shall have been paid upon such instrument before the same is offered for record, to wit: Upon all such instruments which are executed to convey real or personal property situated in this state of the value of five hundred dollars or less there shall be paid the sum of fifty cents, and upon all such instruments executed to convey real or personal property situated in this state of more than five hundred dollars in value there shall be paid the sum of fifty cents for each five hundred dollars or fraction thereof in value of property conveyed by such instrument."

Is this act applicable to the sale and transfer in writing of contracts for the conditional

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

sale of personal property and to the sale and transfer in writing of chattel mortgages, is the question presented by this record. Should a privilege tax or license of 50 cents on the value of $500 or less be paid by the owner on the written sale and transfer of such instruments before the original instruments and the assignments of them shall be received for record?

[1] "The law does not authorize the registration of transfers of choses in action." Monroe v. Hamilton, 60 Ala. 233. But the written sale and assignment of this conditional sale contract of personal property and the written sale and assignment of this chattel mortgage are subject to be recorded, as they duly assign in writing the debt and a conditional interest in the property in the instruments securing the debts. Fed. Land Bank v. Branscomb, 213 Ala. 567, head notes 5–12, 105 So. 585; section 6855, Code 1923. Each assignment conveys an interest, conditional, in the personal property in the instrument. A chattel mortgage or conditional sale contract when filed for record is subject to be taxed under another statute (section 4½, Revenue Act of 1923, p. 156) at the rate of 15 cents for each $100 for such indebtedness or fraction thereof, which is secured by it; but the petitioner offered to pay that tax on these instruments when he presented them for record.

[2] However, this act in General Acts 1923, p. 318, quoted in part above, contemplates that the instrument offered for recordation, before it can be taxed, must evidence a sale and conveyance of personal property or an interest in personal property. The ownership of the property or an interest in it must pass from the vendor to the vendee by a sale thereof, evidenced by the instrument, before this privilege tax can be imposed on the instrument, when offered for record. The personal property in these instruments is not sold and conveyed absolutely and unconditionally by the transferor to the transferee. The payment of the debts, evidenced by the instruments will divest the title to the personal property passing by the mortgage and the conditional sale contract. Section 9026, Code of 1923. The maker of the instruments is entitled to and owns them when the debts are respectively paid by him. The transferee of the instruments owns by his purchase absolutely only the debts and the rights to the payment of them.

These transfers and assignments of these two instruments are not a sale of personal property or of any interest in personal property under the contemplation of this act. They are simply a transfer and sale of the debts and the instruments, evidencing and securing them, with the right under the instruments to charge the personal property therein with the payment of the debts secured respectively thereby. Monroe v. Hamilton, 60 Ala. 233; State ex rel. Hamilton v. Williams (Ala. Sup.) 106 So. 500;[1] Stewart v. Kirkland, 19 Ala. 162; Carter v. Mizell (Ala. Sup.) 106 So. 846, head notes 4;[2] section 6870, Code of 1923; Stewart v. Mitchum, 135 Ala. 546, 33 So. 670.

[3] By the transfer and assignment of these two instruments, the assignee, petitioner, stands in the shoes of the vendor in one, and mortgagee in the other, instrument, with the same rights and powers, and is entitled to the same protection. Fid. & Dep. Co. v. Richeson, 213 Ala. 461, 105 So. 193.

This act places no license or privilege tax on the written transfer or assignment of the instruments mentioned in this proceeding; and the judge of probate should have, under the facts stated, received the instrument and the written assignments of them, and entered all of them on the record. State ex rel. Hamilton v. Williams (Ala. Sup.) 106 So. 500;[1] Blue v. Stiles, 212 Ala. 468, 102 So. 901, and authorities supra.

The judgment of the trial court is correct, free from error, and is affirmed.

Affirmed.

SOMERVILLE, GARDNER, THOMAS, and BOULDIN, JJ., concur.

SAYRE, J. (dissenting). The act says:

"No deed, bill of sale or other instrument of like character which conveys any real or personal property within this state, or which conveys any interest in any such property, shall be received for record unless the following privilege or license tax shall have been paid," etc.

The prevailing opinion says, in effect, that the act means that instruments like those involved in this case, viz., instruments transferring, assigning, and selling all the right, title, and interest had by the transferor, assignor, or vendor in designated property, must be recorded, but are not subject to the tax. I do not find any such provision in the particular act under consideration, or, for that matter, anywhere else, nor do I feel privileged to place into the statute, by construction, my own idea as to how the taxing power should be exercised in such cases.

I am authorized by Chief Justice ANDERSON to say that he concurs in the view here expressed.

---

[1] 214 Ala. 89.     [2] 214 Ala. 182.