(117 So. 210)

## LONG, Judge, v. JASPER LAND CO.
### (6 Div. 141.)

Supreme Court of Alabama. May 24, 1928.

1. Taxation ⊝105½—Deed given to perfect title for nominal consideration held entitled to recordation without payment of tax (Gen. Acts 1927, p. 139).

Under Gen. Acts 1927, p. 139, deed executed for purpose of perfecting title of grantee to real estate described therein, and disclosing on its face that consideration was nominal, is entitled to recordation by probate judge without payment of tax.

2. Taxation ⊝105½—Probate judge may accept as prima facie correct recitals of deed that it was executed for nominal consideration to perfect title, entitling it to recordation without tax (Gen. Acts 1927, p. 139).

In accordance with general rule that fraud and misrepresentation are not to be presumed, probate judge may accept as prima facie correct recitals of deed that it was executed for nominal consideration for purpose of perfecting title to real estate, and may act accordingly, in absence of facts or circumstances to contrary coming to his attention calculated to put on notice reasonably prudent person, but, should it develop subsequent to recordation that recitals of deed were misleading, judge, acting in good faith, could correct amount of tax due subsequent to recordation under Gen. Acts 1927, p. 139.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

Petition of the Jasper Land Company for mandamus to E. W. Long, as Judge of Probate of Walker County, to require respondent to receive and record a deed of conveyance without payment of a license or privilege tax. From a judgment awarding the writ, respondent appeals. Affirmed.

Coleman D. Shepherd, of Jasper, for appellant.

A probate judge is not required to accept a deed for record without payment of the privilege tax, merely because the preamble in the deed sets out facts to bring the deed within the exceptions as to deeds executed for a nominal consideration for the purpose of perfecting title. There must be some other evidence produced to establish the fact. Acts 1927, § 21½, p. 163.

Arthur Fite, of Jasper, for appellee.

The recitals of the deed brought it within the exception, and the probate judge is not required to go behind the recitals in the deed; no law exacting such duty.

GARDNER, J. The Jasper Land Company tendered to the probate judge of Walker county a deed for filing and record, which recited that it was executed for the purpose of perfecting the title of the grantee to the real estate described therein, and disclosed upon its face that the consideration was nominal: the grantee at the time being the equitable owner of the property. The probate judge declined to accept the deed for record without the payment of a privilege or license tax, which was not tendered, and mandamus proceedings followed, resulting in a judgment for the petitioner, from which the probate judge prosecutes this appeal.

The privilege or license tax for recording deeds was first provided for by the Act of September 14, 1923 (General Acts 1923, p. 318), and has received construction in the following, among other cases: State ex rel. Blue v. Stiles, 212 Ala. 468, 102 So. 901; State ex rel. Hamilton v. Williams, 214 Ala. 89, 106 So. 500; Garrison v. Hamlin, 215 Ala. 39, 109 So. 106.

[1] The substance of this act has been brought forward as a part of the General Revenue Act (General Acts 1927, p. 139), and constitutes section 21½ thereof. Some changes were made in the original enactment, and the act of 1923 repealed thereby. Among the changes made was the exception from the requirement of the payment of any such tax, "deeds or instruments executed for a nominal consideration for the purpose of perfecting the title to real estate." As appears upon the face of the deed here involved and offered for record, as well as up-

on the undisputed proof, it comes within the very language of the above-quoted exception, and no tax was required. No argument is required to sustain such conclusion, as the recitals of the deed, supported without conflict by the proof, bring the case squarely within the excepted provision of the Act.

The question is discussed by counsel for appellant as to whether or not the probate judge would be justified in accepting a deed for record containing on its face the recitals that it was executed for a nominal consideration for the purpose of perfecting title, without further investigation or proof. In the instant case it appears without dispute that in fact the recitals of the deed were true, and the exigencies of this case do not call for a discussion of this question. It appears, however, that this appeal is a friendly litigation for future guidance, and we think with due propriety we may express our opinion upon the propounded inquiry.

[2] The determination of the amount of tax to be paid on an instrument is left to the probate judge. In accord with the general rule that fraud and misrepresentation are not to be presumed, we are of the opinion that the probate judge may accept as prima facie correct the recitals of the deed that it was "executed for a nominal consideration for the purpose of perfecting the title to real estate"; and may act accordingly, in the absence of any fact or circumstance to the contrary, coming to his attention calculated to put on notice a reasonably prudent person. Should it develop subsequent to the recordation of the deed that the recitals of the deed were misleading and untrue, the judge of probate, acting in good faith as above indicated, would find protection, though, under the language of the act, there may be a collection of the correct amount of tax due subsequent to the recordation of the deed.

The judgment of the trial court is correct, and will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.