(125 So. 401)

## JEFFERSON COUNTY v. SMITH.

### 6 Div. 322.

Court of Appeals of Alabama.
Feb. 18, 1930.

Ernest Matthews, of Birmingham, for appellant.

Robert G. Tate, of Birmingham, for appellee.

**BRICKEN, P. J.**

Appellee, J. Palmer Smith, brought this suit against appellant, Jefferson county, and the cause was tried and determined in the court below upon an agreed statement of facts which was in writing. The facts thus agreed upon were substantially as follows:

"1. That during the month of January, 1927, one J. E. Page made, executed, and delivered a mortgage to T. J. Thomas on certain real estate situated in Jefferson county,

Ala., to secure an indebtedness of twelve thousand five hundred dollars and said mortgage being for said amount. That said mortgage was duly recorded in the office of the probate judge of Jefferson county, Ala., and for which recording the mortgagee paid a privilege or license tax of twelve dollars and fifty cents in addition to the usual recording fee. That thereafter on the 31st day of January, 1927, the plaintiff purchased the notes evidencing the debt secured by said mortgage, and took from the seller of the mortgage a transfer or assignment of said mortgage, and the notes were indorsed to the plaintiff. That on, to wit, the said 31st day of January, 1927, plaintiff presented said assignment or transfer of said mortgage to the probate judge of Jefferson county, Ala., for record, and tendered to the probate judge the sum of one dollar for recording the same. That the sum of one dollar was the charge fixed by the probate judge as the fee for recording the same under the law. That the probate judge declined to record the assignment or transfer of said mortgage unless and until the plaintiff paid him an additional sum of twelve dollars and fifty cents. That the probate judge charged plaintiff said amount ($12.50) under the claimed authority of an act of the Legislature approved September 14, 1923 (General Acts 1923, p. 318). That the plaintiff paid said tax of $12.50 as he was required to do, in order to have the said assignment of said mortgage recorded; and at the time of said payment, protested the payment of said tax as being illegal and unauthorized by law. That the probate judge on, to wit, said 31st day of January, 1927, paid $4.33 out of the said sum of $12.50 so collected by him into the treasury of Jefferson county, Ala., the remaining $8.17 being paid by the probate judge into the treasury of the state of Alabama; said division and distribution of said sum of $12.50 being in accordance with the provisions of General Acts 1923, p. 318, at page 319.

"2. It is further agreed that the plaintiff filed with the board of revenue of Jefferson county, Ala., a claim for $4.33 duly itemized and verified as required by law, and that said claim was by said board of revenue disallowed prior to the filing of a suit in this case. It is further agreed that all preliminary steps necessary to be taken to recover taxes illegally collected have in all things been complied with, and it is further agreed that the plaintiff is entitled to recover the sum of $4.33 in this case if the recordation of the assignment or transfer of said mortgage was not subject to the privilege or license tax imposed under the act of the Legislature approved September 14, 1923 (General Acts 1923, page 318)."

There was no other evidence submitted to the court. After consideration of the foregoing, and argument of counsel, the court rendered judgment for the plaintiff and against the defendant, to which action of the court the defendant duly and legally excepted, and from said judgment this appeal was taken.

We are of the opinion that the judgment as rendered was correct. It appears to us that the questions presented on this appeal have been conclusively settled and determined adversely to the contention of appellant by the Supreme Court in the case of Garrison, Judge of Probate, v. Hamlin, 215 Ala. 39, 109 So. 106, and that upon authority of that case the affirmance here could well be rested.

However, we note that the trial court in rendering the decision in this cause filed with his decision a written opinion which is included in the record before us. We accord to that opinion as being well stated and sound and herewith incorporate it in this opinion with our approval. The court said:

"The plaintiff in this cause sues to recover money paid by him as tax to the probate judge of Jefferson county, who in turn paid the money sued for, into the treasury of Jefferson county, Ala. The plaintiff in order to secure the recordation of a written assignment or transfer of a mortgage on real property situated in Jefferson county, Ala., was compelled to pay a tax of 50 cents on each $500 of the mortgage indebtedness; the tax being collected by the probate judge under the supposed authority given and supposed duty imposed by an act of the Legislature approved September 14, 1923 (General Acts of 1923, p. 318), commonly known as the 'Deed-Tax' Act. Prior to the recording of the transfer or assignment, the mortgage had been recorded and the mortgage recording tax assessable under General Acts 1919, p. 420, paid.

"It is agreed by and between the plaintiff and defendant, Jefferson county, that the plaintiff is entitled to recover if the privilege or license 'deed-tax' prescribed by the act of Legislature approved September 14, 1923 (General Acts of 1923, p. 318), is not applicable to recordation of transfers or assignments of mortgages on real property; it being conceded by both parties that all conditions precedent to the recovery of taxes illegally collected, whether required by statute or otherwise, have been fully complied with.

"The concrete question presented under the pleadings and the agreed statement of facts in this case is: Does the so-called 'deed-tax' imposed under the legislative act above referred to apply to the recordation of assignments or transfers or mortgages on real property.

"This court is of the opinion that the question presented for decision is no longer an open one, but that according to the direct adjudication of the Supreme Court of this state, the answer must be resolved in the plaintiff's favor.

"The Supreme Court in Garrison, Judge of Probate, v. Hamlin, 215 Ala. 39, 109 So. 106, affirmatively held that recordation of an assignment of a chattel mortgage was not subject to the 'deed-tax,' the court in that case reasoning that the interest conveyed by the assignment and transfer was a mere conditional interest in the property covered by the mortgage; that that interest was subject to divesture by the payment of the mortgage debt; that that interest was merely security for a debt, coupled with the right under the instrument to charge the property with the payment of the debt; and that the transfer or assignment of such a conditional interest was not a conveyance of *property* within the contemplation of the Deed-Tax Act.

"Every reason assigned by the Supreme Court in the case above cited, for the non-application of the Deed-Tax Act to the transfers or assignments of chattel mortgages, applies with equal force to transfers or assignments of mortgages on real property. There is no sound basis for any distinction between transfers of chattel mortgages, and real property mortgages, in so far as the act under discussion is concerned. In all respects pertinent to the question now under consideration, they are identical.

"Moreover, it is to be noted that the Legislature, subsequent to the rendition of the decision in Garrison, Judge of Probate, v. Hamlin, supra, clearly adopted the construction so placed by the Supreme Court on the Deed-Tax Act, for, by the General Revenue Act of 1927, p. 163, § 21½ (which is the successor to the original Deed-Tax Act above referred to), the recordation of transfers of mortgages on real or personal property, upon which the mortgage tax has been paid, are expressly excepted in conformity with the above-cited decision from taxation under the General Revenue Act of 1927 (section 21½ of Act).

"Further, it is well settled in this state that revenue and tax laws must be strictly construed against the taxing power and liberally construed in favor of the citizen; and that all doubts are to be resolved against the state and in favor of the taxpayer. Ashe Carson Co. v. State, 138 Ala. 108, 35 So. 38; State v. Roden Coal Co., 197 Ala. 407, 73 So. 5.

"The opinion here prevails that the recordation of the assignment in the instant case was not properly subject to the license or privilege tax under the so-called Deed-Tax Act; and that therefore the plaintiff is entitled to recover the tax illegally collected; and judgment accordingly is rendered in favor of the plaintiff."

The judgment of the lower court from which this appeal was taken is affirmed.

Affirmed.