174 So. 797

**THOMPSON, Probate Judge, v. SMITH.**

**7 Div. 454.**

Supreme Court of Alabama.

May 20, 1937.

Rehearing Denied June 17, 1937.

test the question of his liability to pay the deed tax.

The provisions of Schedule 46, supra, which have application are as follows: "No deed, bill of sale or other instrument of like character which conveys any real or personal property within this state, or which conveys any interest in any such property, except [transfers not here material] * * * shall not [sic] be received for record unless the following privilege or license tax shall have been paid upon such instrument," etc. (then follows provision for the tax at fifty cents per $500 or part thereof). At the end of the schedule is a proviso "that this Schedule shall not be so construed or enforced as to require the payment of privilege tax herein provided on mortgages, deeds of trust or other instruments in the nature of a mortgage or deeds or other instruments with vendors lien except as to that part of the purchase price, which is paid in cash or other articles of value and which pay no other privilege tax for recording."

There is no question here argued as to the right of the probate judge to ascertain the value of the property regardless of the recitals of the instrument, but the argument is that a conditional sales contract is not an instrument of kind like a deed or bill of sale, which conveys an interest in personal property, as contemplated by Schedule 46, supra.

We think the law requiring a deed tax applies if the instrument purports to be a sale on condition that the title shall not pass until a certain amount is paid, limited in amount by the proviso. It is not an instrument with a vendor's lien as commonly understood. That means literally a deed passing the title to such property, but reserving either expressly or impliedly a lien to secure the purchase money. This instrument does not reserve a lien as understood at law, but shows that the legal title is reserved for that purpose. But the purchaser is regarded as the owner, and the title is reserved as security. When a deed passes, the title with reservation of a lien to secure part of the purchase price, when some is paid in cash, it has been pointed out that the proviso shows an intention to make the deed tax applicable only as to the cash feature of the consideration. State ex rel. Blue v. Stiles, 212 Ala. 468, 102 So. 901.

E. J. Garrison, of Ashland, and Al. G. Rives, of Birmingham, for petitioner.

W. C. Dempsey, of Ashland, opposed.

FOSTER, Justice.

A conditional sales contract for the purchase of an automobile was offered for record by the seller. He offered to pay the "mortgage" tax of 15 cents per $100, of the deferred payments, recited to be $150 under Schedule 94, § 348, Gen.Acts 1935, p. 477, but the probate judge ascertained that the value of the car was $300 or $150 in excess of the amount deferred, and demanded a "deed" tax of 50 cents on the basis of Schedule 46 of that act, pages 456–458, in addition to the "mortgage" tax. The seller declined to pay the "deed" tax, but offered to pay the mortgage tax, and instituted a mandamus to

 We do not think that the proviso was intended to make a distinction between a conveyance which reserved a lien, technically so called, and one which reserved the legal title in the nature of a lien as security for the deferred payments. It is argued that this instrument is not a deed, which commonly refers to real estate, but we answer that the act also includes in the proviso "or other instruments with vendors lien." True, the technical meaning of a vendor's lien usually refers to vendors of realty. But we do not think such meaning is here intended. It refers in the beginning to deeds and bills of sale and to real or personal property.

So that we think, when there is a contract of sale of real or personal property by which either the title is reserved in the vendor as security for the debt, or by which the title passes and what is known as a lien is reserved for that purpose, and such instrument is offered for record, there is due to be paid both the mortgage tax and the deed tax, as provided in Schedules 94 and 46, supra, respectively.

The case of Garrison v. Hamlin, 215 Ala. 39, 109 So. 106, relied on by petitioner, the taxpayer, is with reference to a transfer of a conditional sale contract, whether such transfer was a deed or bill of sale referred to in Schedule 46. It was really a transfer of the debt carrying the title as security for the debt. It was the transfer of the claim with security. That is not the sort of real or personal property the conveyance of which requires the deed tax when recorded, as there held. But a conditional sale of real or personal property conveys an "interest" in such property as is mentioned in Schedule 46, supra, whether that interest be legal or equitable. The purchaser is regarded as the beneficial owner, and that is an interest. Barton v. Broyles S. & F. Co., 212 Ala. 658, 103 So. 854; Ex parte State, 206 Ala. 575, 90 So. 896; Dean v. Coosa County Lumber Co., 232 Ala. 177, 167 So. 566.

The instrument here in question does not recite that the seller does thereby sell and convey, nor that he agreed to sell and convey, but that he has sold, and the purchaser has purchased and acknowledged delivery, with the title to remain in the seller until the balance named is paid in full. A deed or conveyance is but evidence of what the parties have agreed. The words used in this contract show the intention of the parties collected from the entire instrument. Section 6839, Code.

We do not think that Schedule 46 is subject to such nice distinctions as to require that the deed tax shall not apply unless the instrument passes the legal title and not when the legal title, as distinguished from a mere lien, is reserved as security for the debt. In both instances, the instrument is evidence of a sale conditioned on payment of the purchase price, though in one the title passes and in the other it does not until payment, when no further act is necessary to effectuate its passage. Thomas v. Montgomery Ward & Co., 211 Ala. 98, 99 So. 786; 55 Corpus Juris, 1217.

It conveys an interest in personal property as the cases we have cited show, and is subject to a deed tax to the extent the purchase price was paid, and a mortgage tax to the extent it was deferred on the basis of the security.

We think the Court of Appeals so held without error.

Writ denied.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.