174 So. 796

THOMPSON, Probate Judge, v. SMITH.

7 Div. 222.

Court of Appeals of Alabama.

Feb. 2, 1937.

Rehearing Denied April 20, 1937.

W. C. Dempsey, of Ashland, for appellant.

E. J. Garrison, of Ashland, for appellee.

RICE, Judge.

Instrument as copied below was offered by appellee to appellant for recordation. Appellee tendered the amount necessary to pay for the recording, proper, plus the sum

of thirty cents "State filing tax." Appellant refused to accept the paper for re-, cordation unless and until appellee paid to him, in addition, the sum of *fifty cents* as and for the "deed tax" due in the premises. It was, presently with the offer for recordation, made known to appellant that a cash payment of $150 had been made on the car described in said instrument at the time of purchase.

Writ of mandamus ordering appellant to receive and accept said paper for rec-, ordation in accordance with the tender of appellee was issued below. This appeal followed.

The instrument referred to above is, in words and figures, as follows:

"Contract for Recording

"Ashland Clay County, Alabama, October 14th 1935. The undersigned seller has sold and the undersigned purchaser has purchased and acknowledged the delivery of the following property, Complete with Standard attachment and equipment: One used 1929 Model Chevrolet Sedan, Motor No. 10,567, for the total time price of $——, Payable $—— in cash, on or before delivery, and the balance of $150.00 in five deferred payments, on the 25th day of each month. Title to said property remains in the seller or sellers assignee until the balance of $150.00 agreed to be paid by the purchaser is paid in full, according to the terms and tenor of contract executed contemporaneously, herewith, providing among other things that said purchaser shall not transfer any interest therein, or in said property or incumber the same.

"J. R. Benton [L.S.]
"Purchaser.
"W. H. Smith, [L.S.]
"Seller."

 We think there can be no doubt that "the determination of the amount of tax to be paid on an instrument [offered for recordation] is left to the probate judge." Long, Judge, v. Jasper Land Co., 217 Ala. 593, 117 So. 210, 211.

True, he "may accept as prima facie correct the recitals of the deed [or bill of sale, we interpolate] * * * and may act accordingly, *in the absence of any fact or circumstance to the contrary, coming to his attention calculated to put on notice a reasonably prudent person.*" (Italics supplied.) Long, Judge, v. Jasper Land Co., supra.

A reading of the opinion in the Long, Judge, v. Jasper Land Co. Case, just cited, persuades us that appellant, here, was within his rights in ascertaining that a cash payment of $150 had been made on the purchase price of the car described in the instrument offered for recordation at the time of its purchase. And, having *ascertained* this fact, it was his duty to govern himself by that information.

So, in coming to consider the propriety vel non of the action above mentioned of the circuit court, we read the instrument copied above as though it had inserted therein—as a substitute for the words "for the total time price of $——, payable $—— in cash," the words "for the total time price of *$300.00,* payable $150.00 in cash."

When so read, it seems to us, and we hold, that the instrument offered for record falls squarely within the provisions of section 21½ of the Act of the Legislature approved July 22, 1927 (Gen. Acts Ala. 1927, pp. 139, 163). And that the "deed tax," to so denominate it, of fifty cents, was due, in accordance therewith, on the $150 cash payment; just as was demanded by appellant.

The "authorities" cited here by appellee's distinguished counsel, as we view them, hold nothing to the contrary.

It results that the judgment of the circuit court was laid in error.

The same is reversed; and judgment here entered that appellee's petition for mandamus be overruled and denied. Code 1928, § 8981.

Reversed and rendered.